## SUPREME COURT

### POMEROY agt. HULIN AND BEEBE.

Under the 385th section of the Code, a plaintiff has, *in all cases* of an offer of judgment by the defendant, ten days to elect, whether he will accept it or proceed to trial.

If a defendant desires to avail himself of the provisions of this section he must make his offer at such time that the plaintiff may also have the full benefit of the section; and if it is served so late that the cause is reached and tried before the expiration of the ten days, the rights of the parties are in all respects as if no offer had been made.

*Onondaga General Term, October* 1852—W. F. ALLEN, HUBBARD and PRATT, *Justices.* This was an appeal from an order at special term affirming the adjustment of the costs by the clerk of Cortland county. The action was upon a promissory note, and was defended by the defendants separately, and noticed for trial by all the parties at the circuit in Cortland, commencing on Monday the 26th day of July and was placed on the calendar of causes for trial. On Thursday before the circuit, the defendants' attorneys, by letter, requested the plaintiff's attorney to set the cause down for trial for a particular day in the latter part of the first week of the circuit, which was declined for the reason that the plaintiff had subpœnaed witnesses from Onondaga county, and among others a practicing physician, and it would not be proper to detain them after the cause should be reached. On Saturday the 24th of July, about 5 P. M., the defendants served upon the plaintiff's attorney an offer of judgment for the amount of the note and interest. On the 27th of July, the second day of the circuit, an inquest was taken and the clerk on the adjustment of the costs allowed the plaintiff the costs of the trial, and all the costs of the circuit. The plaintiff and his witnesses lived in Onondaga county, the former residing eighteen miles, and one of the latter twenty-nine miles from the residence of the plaintiff's attorney and the place of trial, and neither could have been reached by mail in time to prevent their attendance at the circuit on Monday.

R. RAYNER, *for Defendants*

L. R. MAYNARD, *for Plaintiff*.

By the Court, W. F. ALLEN, Justice.—We are of opinion that the clerk properly allowed to the plaintiff the expenses of the trial; that by the true construction of the 385th section of the Code of Procedure, the plaintiff has, in all cases of an offer of judgment by the defendant, ten days within which to elect whether he will accept the offer and take judgment in pursuance of it, or proceed to trial with the risk of being compelled to pay costs to the adverse party if he fail to obtain a more favorable judgment. Upon any other construction a party may be compelled to determine upon the instant, while a jury is being empannelled or while the trial of a cause is progressing, in a case requiring deliberation and the exercise of a sound judgment upon a cunning and doubtful offer, or an attorney may be compelled to act in the absence of his client, or a party may, as in this case, be met with an offer after he is compelled to attend court with his counsel and witnesses at great expense, for which he can receive no compensation. The provision was designed for cases in which some amount was confessedly due the plaintiff, but the precise amount was in dispute, and was not intended for cases like this, where the whole amount or nothing was due; it being supposed that in such cases the party would suffer judgment for want of an answer or litigate it to the end (*Report of Commissioners, page* 238). Hence the chapter is entitled " Offers to compromise," &c. Although as reported and originally adopted (*Code of* 1848, § 338), the provision was only applicable to actions arising on contract, it has been since extended by amendment to all actions, to which probably there is no good objection, if the party who is to act upon the offer is not deprived contrary to the evident intent of the section, of the time therein limited for his action. But if a party, or his counsel in his absence, can be compelled to act instanter upon an offer of judgment in a case where there may be a doubt whether it is better to accept the compromise than to contend for what may be supposed to be the strict right of the party, or where the judgment offered and which must in any event be entered is complicated

Pomeroy agt. Hulin and Beebe.

and requires consideration to determine whether it contains all proper provisions to protect all the rights and interests involved, it may work great injustice. The statute says the plaintiff may have ten days within which to accept or reject the offer. The defendants may, if we are not right in the construction of the act, limit that term to five minutes. A defendant may, without a shadow of defence, litigate until the cause is reached upon the calendar and then interpose an offer and leave the plaintiff to compensate his counsel for attending prepared for trial, and to bear his own expenses and all the expenses of the circuit except the witnesses fees. This would not be just, and we can not think it within the spirit or letter of the Code. The whole section read together is well calculated to prevent unnecessary litigation and secure fair compromises of disputed claims; but if the first clause is read by itself and construed literally, it tends directly to encourage sham and vexatious defences of just claims, and to increase the costs and perplexities of litigation. If a defendant, after interposing a defence to an action, desires to avail himself of the provisions of this section, he must make his offer at such time, that the plaintiff may also have the full benefit of the section, and if it is served so late that the cause is reached and tried before the expiration of the ten days, the rights of the parties are in all respects as if no offer had been made.

The order at special term is affirmed, but as the question is new no costs are given