## SUPREME COURT.

### Thomas Walker and Jonathan Walker agt. Johnson.

An offer in writing under *section* 385 of the Code, that the plaintiff may take judgment, &c., amounts to a written *stipulation* on the part of the defendant; and precludes him from taking any steps in the cause until the ten days expires, or the written notice of plaintiff's acceptance is served.

And this notice of an election on the part of the plaintiff can not be made by *parol*, so as to deprive him of the benefit of the ten days.

*Chautauque Special Term, May,* 1853.   Motion on the part of the plaintiffs to set aside an order obtained by the defendant at the last circuit, under the 258th section of the Code of 1851, dismissing the plaintiff's complaint, for irregularity and on the merits.   The action having been noticed for trial and put on the Calendar by both parties, and the plaintiff not appearing on its regular call, the defendant's counsel applied for and obtained the order in question.

The following facts appeared on the motion to set aside the order :  The action was for a breach of a covenant of seizen contained in a conveyance of land.   The summons and complaint were served on the defendant April 18th, 1853.   The action was put at issue by the service of the defendant's answer, on the 7th of May following.   On the 9th of May the plaintiffs noticed the action for trial at the circuit then to be holden on the 23d, and on the 11th of May the defendant noticed the action for trial at the same time.   On the 19th of May, four days before the circuit, the defendant's attorney served on the plaintiffs' attorney, an offer in writing, directed to him under the title of the action, in the words following :

" Sir,—The defendant hereby offers to allow judgment to be taken against him in this action, for nominal damages with costs of suit to this date.

"Dixon & Clary, Deft's Att'ys.

" *Westfield, May* 19, 1853."

The affidavit of one of the defendant's attorneys states, in substance, that on the day of the service of the offer, the plain-

tiffs' attorney declared that he should not *then* accept it, and on the next day again declared that he should not accept the offer, and proposed to make some arrangements with the defendant for trying the action on the first day of the circuit. The plaintiffs' attorney, in his affidavit states, that he saw the defendant's attorney on his way to the circuit, the day that he took the order in question, and informed him that he had received no instructions from his clients in reference to the defendant's offer, but expected to do so that evening, and claimed the ten days in which to obtain instructions, or make up his mind whether to accept or reject the offer.   .

D. MANN, *for Plaintiffs.*   ·

AB. DIXON, *for Defendant.*

MULLETT, Justice.—The question of irregularity depends on the effect of the offer made by the defendant on the 19th of May. By the 385th section of the Code of 1851, the defendant may at any time before the trial or verdict, serve upon the plaintiff an offer in writing to allow judgment to be taken. against him, for the sum or property, or to the effect therein. specified, with costs. If the plaintiff accept the offer, and give· notice thereof in writing within ten days, he may file the summons, complaint and offer, with an affidavit of notice of acceptance, and the clerk must thereupon enter-judgment accordingly. This offer gave to the plaintiff ten days to make up his mind whether to accept it or not, and an absolute right, within that time, to judgment according to the terms of the offer, on complying with the provisions of the section. Pomeroy agt. Hulin and Beebe, (7 *How. Pr. Rep.* 162.) This right of the plaintiff is inconsistent with a co-existing right in the defendant, to take any steps in the action adverse to the plaintiff, contrary to the offer. The offer amounts to a written stipulation on the part of the defendant, waiving all right to proceed in the action for the term of ten days, or until the plaintiff makes his election to reject the offer. This election cannot be made by parol so as to be binding on the plaintiff and deprive him of his rights to accept the offer and give notice thereof in writing within the·

ten days, and proceed according to the Code, to take judgment pursuant to the offer.   (*S. C. Rule* 37.)

As the defendant's offer was not made until after the plain-tiff had noticed the cause for trial it could not deprive him of the right of going to trial on his notice, the same as if no offer had been made, (7 *How. Pr. Rep.* 163,) but if the plaintiff chooses to entertain and act upon the offer the defendant is bound by it.   The defendant's order to dismiss the plaintiffs' complaint, obtained by him within ten days after his offer, was therefore irregular and must be set aside; but as the defen-dant's attorney may have been in some measure misled into preparing to attend the circuit, by the declaration of the plain-tiffs' attorney, at and immediately after the service of the defendant's offer, the motion is granted without costs.