McAdam, C. J.
Section 8251 of the Code provides that costs awarded to a party to an action must be. * * * To the plaintiff: For all proceedings before notice of trial, in an action specified in section 420 of the Code, fifteen dollars. Section 420 provides that “ judgment may be taken without application to the court where the complaint sets forth one or more causes of action, each consisting of the breach of an express contract to pay, absolutely or upon a contingency, a u r >r sums of money fixed by the terms of the contract, or *290 capable of being ascertained therefrom by computation only.” The present action is on contract, and the amount due is capable of computation and may be easily ascertained in that way. The defendant has served an offer to allow judgment' for a specific sum, with interest and costs. Upon filing the summons, complaint and offer, “ the clerk must enter judgment accordingly” (Code, sec. 738). So that under these various -provisions no application to the court -for judgment was" necessary, and but fifteen dollars costs are recoverable. True, the plaintiff had to obtain leave to sue the receiver, but this was a preliminary step to bring the action, and while leave was necessary to enable the plaintiff to sue, it in itself furnished no cause of action, if none existed without it, and it did not change the character of the action nor the rules of practice which regulated it when once properly commenced.
I was inclined to think that the plaintiff ought to have the costs as upon application to the court, because he had to obtain leave to sue, but the language of the Code above cited will not bear that construction. After the offer was made, both parties served notice of trial, and the plaintiff who has since accepted the offer, charges fifteen dollars for this service. But it seems to me that he is not entitled to it. If the offer is accepted, it is with costs to the time of the service thereof, excepting those disbursements which necessarily follow the acceptance of the offer (Henderson agt. Bannister, 1 City Ct. R , 125). In other words, the plaintiff was bound either to accept the offer as of the day when it was made. Acceptance by him is inconsistent with the idea -of a trial which could be had only on the theory that the offer was rejected, and that the plaintiff had elected to take the chances of a more favorable recovery.
The notice of trial served by the defendant does not aid the plaintiff, because the offer prevented the defendant from moving the ease for ten days after it was served ( Walker agt. Johnson, 8 How. Pr., 240), and the notice served by the defendant became nugatory on the acceptance of the offer. *291 True, the offer did not stay the plaintiff, for it does not prevent a plaintiff from taking an inquest if the cause is reached within ten days after the offer is served (Hawley agt. Davis, 5 Hun, 642). But the taking of the inquest would be tantamount to a rejection of the offer, which is not to prejudice the defendant if not accepted (Sec. 738) The fifteen dollars costs allowed for “all proceedings after notice and before trial” is to compensate the attorney for the incidental labor preliminary to a trial, such as filing the note of issue, searching and watching the calendar, and to compensate for the drawing and service of the notice of trial when one is necessary, but not otherwise. The acceptance of the offer is conclusive” proof that no notice of trial was necessary in this case.
Upon the entire facts, therefore, I have concluded that the taxation by the clerk, in so far as it allows fifteen dollars as costs before notice of trial, must be affirmed, but in so far as it allows fifteen dollars for proceedings after notice of trial it must be reversed.