[No. 11909.   In Bank. — May 31, 1887.]

G. E. SCAMMON, APPELLANT, v. E. C. DENIO, RE-
SPONDENT.

72   393
131   520
131   572

CONTRACT — BUILDING — CLAIM FOR EXTRA WORK — ARBITRATION. — In an action by a contractor to recover a balance alleged to be due on the contract price for building a house, the plaintiff is not entitled to recover for extra work done, and materials furnished, when the contract provides that claims for such extras should be submitted to arbitration, and the plaintiff has made no offer or request so to submit them.

ID. — SET-OFF — COMPLETION OF HOUSE BY OWNER. — In such an action, the defendant is entitled to set off an amount expended by him in finishing the house, after the refusal of the contractor to complete it, upon being notified so to do, authority to finish the house upon the happening of such an event being given to the owner by the contract.

PRACTICE — OFFER OF COMPROMISE — CONCLUSION OF TRIAL WITHIN TIME LIMITED FOR ACCEPTING OFFER — COSTS. — Under section 997 of the Code of Civil Procedure, the failure of the plaintiff to accept an offer of compromise does not preclude him from the right to recover costs, although the judgment rendered in his favor is for a less amount than the offer, if the trial is concluded within five days after the offer was made.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Barclay, Wilson & Redick*, for Appellant.

*Wells, Van Dyke & Lee*, for Respondent.

McFARLAND, J.—This action was brought by appellant (plaintiff in the court below) to recover $1,348.10, the alleged balance due upon a written contract by which appellant was to build a house for respondent; and to enforce a mechanic's lien against the house, and premises on which it was erected.   The court gave judgment to appellant for $483.72 only, and without costs or attorney's fee; and also gave judgment for respondent for all costs which accrued after the date of a certain offer to compromise hereinafter mentioned.

The judgment provides for the enforcement of the lien for the amount above stated.

Appellant appeals from that portion of the judgment which allows him only $483.72, and also from that portion of it which denies him costs and attorneys' fees, and gives costs to respondent.   The case was tried without a jury.

1. Appellant complains of the refusal of the court to consider evidence about certain extra work and materials which he claimed to have done and furnished dur-

ing the construction of the house. But the court finds that the contract provides that claims for such extras should be submitted to arbitration, and that appellant made no request or offer to so submit them, and the finding is apparently correct.

The court finds that appellant neglected and refused, after notice, to furnish workmen and materials to finish the house, and that respondent was compelled to furnish, and did furnish, the same at an expense of $58.45, which sum the court allowed respondent. This ruling is assigned as error. The court finds that respondent was allowed to do this by the contract; and as the whole contract was introduced in evidence, although only a part of it is put into the transcript, we see no error in the finding.

It does not appear that this expenditure comes within the arbitration clause of the contract, as contended by appellant.

We think, therefore, that the judgment of the court below as to amount found due should not be disturbed.

2. On the day of the trial of the action, which was the day on which it regularly came on to be heard, but before the trial had actually commenced, respondent served on appellant a notice in writing, offering to allow him to take judgment for the sum of five hundred dollars; and as appellant finally recovered a little less than five hundred dollars, the court refused to allow him any costs, and gave judgment to respondent for costs accruing after the date of the offer. This ruling was made in supposed pursuance of section 997 of the Code of Civil Procedure. But that section, after providing for such an offer of compromise, proceeds as follows: "If the plaintiff accept the offer, *and give notice thereof within five days*, he may file the offer, *with proof of notice of acceptance*, and the clerk must thereupon enter judgment accordingly. If the notice of acceptance be not given, the offer is to be deemed withdrawn, and cannot be given in the evidence

upon the trial; and if the plaintiff fail to obtain a more favorable judgment, he cannot recover costs, but must pay the defendant's costs from the time of the offer."

It will be observed that this section requires no affirmative action on the part of a plaintiff, unless he elects to accept the offer; and then he must give and file a notice of acceptance. There is no provision for an affirmative refusal to accept, and he may give and file the notice at any time within five days. The offer, therefore, has no effect whatever until after the expiration of five days, unless before that plaintiff accepts in the mode provided. It is clear that the code does not mean that a plaintiff, on the very eve of a trial, with his witnesses, perhaps all present, and his expenses nearly all incurred, shall, on the spur of the moment, be forced to determine at once the important question whether he shall yield a part of what he may consider a just and legal claim, or run the hazard of losing all his costs and necessary disbursements, and having judgment against him for costs of the other party. The clear meaning is, that he shall have five days in which to consider the proposal made by the defendant. And if in the mean time — without acceptance by plaintiff in the manner prescribed — the trial shall have regularly progressed and been concluded, the offer of compromise, as against plaintiff, simply goes for naught. Whether or not, in such a case, after the trial had progressed, and plaintiff had discovered his case to be much weaker than he supposed, he could stop at any time, within the five days, and accept the offer, is a question that does not present itself here; but a case can easily be imagined where the question would be an exceedingly interesting one to a defendant who sought an advantage by serving the offer to compromise on the eve of trial.

The above views are entertained by the courts of New York with respect to a similar provision in the code of that state. (*Herman* v. *Lyons,* 10 Hun, 111; *Pomeroy* v.

*Hulin*, 7 How. Pr. 161; *Walker* v. *Johnson*, 8 How. Pr. 240.)

It is true that the court found that appellant refused to accept the offer; but in the first place, there is no provision for a refusal, except by a failure to serve and file a notice of acceptance, which may be done at any time within five days; and in the second place, there is no evidence at all to support the finding. It was evidently based upon the mere fact that appellant proceeded to trial. But he had the right to go to trial on the day regularly set for it, and within the five days, without regard to respondent's offer. He could treat it at that time as of no avail.

Section 1195 of the Code of Civil Procedure, provides that in an action to enforce a mechanic's lien the plaintiff may recover as costs money paid for recording the lien and a reasonable attorney's fee. The court found that the expense of recording was $7.70, and that $100 was a reasonable attorney's fee.

It is ordered, therefore, that the parts of the judgment which adjudge that plaintiff do not recover any costs, disbursements, or attorneys' fees, and that defendant recover her costs accruing after the date of the offer of compromise, be reversed, and the Superior Court is directed to modify its judgment so as to adjudge to appellant his costs, including his expenses for recording his lien and his attorney's fee of $100, as found by the court, and so as to direct the sheriff to apply the proceeds of the sale of the premises to the satisfaction of the amount found due appellant, viz., $483.72, together with his costs, including said expense of recording his lien, and his said attorney's fee, and not to apply any of said proceeds to the costs of respondent. In all other respects, the judgment is affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.