## ELLWOOD H. ORTH, RESPONDENT, *v.* ZION'S CO-OPERATIVE MERCANTILE INSTITUTION, APPELLANT.

COMPROMISE.—CONDITIONAL ACCEPTANCE.—Under section 780, Code of Civil Proced. providing that "If the defendant at any time before trial, offer in writing to allow judgment to be taken against him for a specified sum, the plaintiff may immediately have judgment therefor," where defendant offered to pay $75, but plaintiff offered to take $100, rather than proceed to judgment, which offer defendant refused; *held*, that it was error to allow plaintiff, after the above correspondence, to take judgment for $75, although, before the trial, he sent defendant a notice of acceptance of the former offer.

APPEAL.—WHAT MAY BE REVIEWED UPON.—On an appeal from a judgment and order refusing a new trial rendered upon the making and rejection of the offer above, the judgment itself and whether the court upon the evidence before it had authority to render the judgment, may be reviewed.

APPEAL from a judgment of the district court of the first district, and from an order refusing a new trial. The opinion states the facts.

*Mr. N. Tanner, Jr.,* for appellant.

If the offer is not accepted there is no contract, and the court will not render judgment: Code, sec. 780, 872; 1st. Parsons, on Contracts, 475, and all other works upon the subject.

If a failure to accept would deprive the plaintiff of the benefit of the defendant's offer, then certainly a rejection would have the same effect, and this is what the plaintiff did.

His letter proposing different terms was a rejection of the offer; and, as the offer was not renewed, he could not afterwards accept and thus bind the defendant: Record, pages 21, 23 and 24; 1st. Parson on Contracts, 475; Benjamin on Sales, secs. 38–44; 7th Supreme Court Reporter,

168, and cases there cited; 26 American Decisions, 344 and *Note.*

An offer of compromise is simply an offer, which, accepted, becomes a contract; and like all other offers may be accepted or not, rejected or not; or withdrawn at any time before acceptance: Code, sec. 872, 780; 26 American Decisions, 344 and *Note*; 1st Parsons on Contracts, 475–485; Benjamin on Sales, 38–44.

*Mr. R. K. Williams,* for respondent.

BOREMAN, J.:

The plaintiff, respondent, brought his action against defendant, appellant, in a justice's court on the fourth of November, 1886, for $299 for the use and occupation of land. The cause, having been removed to the district court, was heard upon the pleadings of the parties and evidence, and judgment was rendered in favor of the plaintiff for $75, interest, and costs. The defendant made a motion for a new trial, which being overruled brings the case by appeal to this court.

The appellant asks a reversal of the judgment and order, because the judgment was granted upon an offer to compromise, when the offer had been rejected. The plaintiff contends that the offer was not rejected, but that it was, before trial, accepted. While the case was still in the justice's court, on the twentieth of November, 1886, the defendant sent to the plaintiff the following note, viz.:

"[Title of court and cause.] The defendant in the above-entitled action hereby offers to allow judgment to be taken against it for the sum of $75.00.

[Signed]    "N. TANNER, JR., Attorney for Defendant.

*"To Williams & White, Plaintiff's Attorneys."*

To this the plaintiff's attorney made the following reply:

"[Title of court and cause.]

OGDEN, UTAH, November 23, 1886.

*"N. Tanner, Jr., Attorney for the Defendant:* I have received a copy of your offer to compromise for $75. Had

you said $100, or will say $100, and pay costs up to judgment, it would be accepted, rather than proceed with the litigation.   Please let me hear from you at once upon the subject.

"Yours truly,                    R. K. WILLIAMS."

Thereupon the defendant's attorney sent the following:

"OGDEN, UTAH, November 24, 1886.

"*R. K. Williams, Esq., City*—DEAR SIR:   I am in receipt of yours declining the offer of $75.00, or which I understand to decline it, but think we would rather proceed than to accept your terms.   Have nothing further to say upon the subject.

"Yours truly,                    N. TANNER, JR."

The plaintiff's attorney then sent the following notice:

"[Title of court and cause.]   The defendant and its attorney are hereby notified to confess judgment for $75 and costs.   *  *  *   Served upon plaintiff on the twentieth instant; is accepted, and the plaintiff will proceed to take judgment.

[Signed]  "WILLIAMS & WHITE, Attorneys for Plaintiff."

Some explanatory words are evidently omitted from this notice.   Indorsed on the notice was the following:

"Service by copy acknowledged this November 29, 1886, but, the offer having been rejected, we do not now consent to judgment against us, but will proceed to trial.

[Signed]  "N. TANNER, JR., Attorney for Defendant."

On the same day the attorney for the defendant wrote to plaintiff's attorneys as follows:

"OGDEN, UTAH, November 29, 1886.

"*Messrs. Williams & White, City*—GENTLEMEN:  As stated in my note of the 24th, I understand yours of a prior date to decline the offer made you.   The institution does not wish to renew it; hence, when you are ready we will proceed with the case.

"N. TANNER, JR."

This correspondence all took place before the case was reached for trial in the justice's court, and they were the basis of the judgment of the district court. The offer made by the defendant in the first note was manifestly under section 780 of the Civil Code, applicable to Justices' Court, Laws 1884, p. 297. The section reads as follows: "Sec. 780. If the defendant, at any time before trial, offer in writing to allow judgment to be taken against him for a specified sum, the plaintiff may immediately have judgment therefor, with the costs then accrued; but if he does not accept such offer before the trial, and fail to recover in the action a sum in excess of the offer, he cannot recover costs, but costs must be adjudged against him from the time of the offer, and, if he recover, be deducted from his recovery. But the offer and failure to accept it cannot be given in evidence to affect the recovery otherwise than as to costs."

The object of this section is to authorize a compromise judgment. Its terms should be complied with, in order to authorize the entry of the judgment. It requires an offer on the one side, and an acceptance on the other side "before the trial." The offer and acceptance "before the trial" give the court its power to grant the judgment. The compromise character of the offer made by the defendant was fully recognized by the plaintiff in his reply thereto, when he says: "I have received a copy of your offer to compromise." An offer to compromise is not an admission that anything is actually due. A payment into court is an admission of an indebtedness to the extent of the payment. It is a satisfaction of the debt to the extent of the amount paid. The payment is absolute and unconditional, and does not depend upon any acceptance or rejection by the other party to make it binding. A tender likewise admits the existence and validity of the debt, unless the tender be made as an expressed measure of compromise. It is not contended by the plaintiff that it was a tender of the amount due, which is a necessity, if it is to be classed as a tender. The plaintiff, in his reply, claimed that it was not for the amount due, for he declared that, had it been for a larger amount, he might have accepted it; but even then he would

not have accepted, because the amount he named was all that was due, but the acceptance would have been made, "rather than proceed with the litigation." The offer, therefore, contained none of the elements of a tender.

As it could not have been a payment into court, nor a tender, but simply an offer to compromise, it must be treated as an offer to compromise, and especially as the kind of offer specified in the section referred to. Upon the receipt of the offer made by defendant, the plaintiff beyond doubt had the right to immediately have judgment therefor. It is likewise evident, from the plain language of the section, that he could have delayed his acceptance until just "before the trial;" but this, until just before the trial, presupposed that in the mean time there had been no withdrawal or rejection of the offer. As to whether there could have been a withdrawal or not is immaterial, as there was nothing in the case that could be treated as a withdrawal.

The defendant recognized the letter of the plaintiff of the twenty-third of November as a rejection, and acted upon it as such, and notified the plaintiff thereof, and that thereafter he would not consent to judgment. The sole question, therefore, is whether there was a rejection of the offer. The right of the plaintiff to reject the offer is not, and cannot be, denied. It is a general rule as to all agreements that assent of both parties is necessary, and that the party to whom an offer is made may reject at his pleasure; and thereafter there can be no agreement unless the offer be renewed. There is nothing in the section that prohibits the application of the general rule to this case. The express authority given in the section is that "plaintiff may immediately have judgment." Inferentially, only, can it be said to leave the offer open until the trial. But the authority to accept is a privilege offered, which he may decline. The right to reject exists as long as the right to accept exists. Rejection means not only a failure to accept, but it means more. It means a repudiation of the offer.

The letter of the plaintiff, in reply to the offer of the defendant to allow judgment for $75, says: "Had you said one hundred, or will say one hundred, and pay costs up to

judgment, it would be accepted." Such a statement is equivalent to a rejection of the offer as made. It is a settled rule that an acceptance of any proposition, to be valid and binding, must be unconditional. If a condition be affixed by the party to whom the offer is made, or any modification or change in the offer be required, it constitutes in law a rejection of the offer. *Eskridge* v. *Glover*, 26 Amer. Dec., 344, and note; 1 Pars. Cont., 400; *Railway Co.* v. *Rolling-Mill Co.*, 7 Sup. Ct. Rep., 168; 1 Benj. Sales, sec. 38 *et seq.*; Newm. Sales, sec. 29, notes 18, 19. We deem it, therefore, to have been error for the district court to allow a judgment to have been entered for the amount of the offer, and based upon the offer. The acceptance by the plaintiff after the offer had been rejected, is not allowable. Newm. Sales, sec. 29, notes 20, 21.

The plaintiff objects, however, to our consideration of the question of the making and rejection of the offer. The ground of the objection is that a judgment rendered on the offer, its acceptance, and affidavits, cannot be reviewed on motion for a new trial. The counsel evidently misconceives the purport of the language quoted from Hayne on New Trials. The orders referred to by that author were such as were made upon "the investigation of collateral matters not put in issue by the pleadings." Hayne, New Trials, p. 25, sec. 1. In the case at bar it is the judgment itself that is under review, and not an intermediate order based upon the collateral matters not put in issue by the pleadings; and the motion for a new trial raises the question as to the authority of the court to give the judgment upon the evidence before it.

For the reasons which we have stated, the order and judgment of the district court are reversed, and the cause remanded, to be proceeded with in accordance with this opinion.

ZANE, C. J., concurred.

HENDERSON, J., (*dissenting.*)

I cannot concurr with my associates in their view of this case. In the first place, I think the letter of plaintiff, re-

plying to the defendant's offer of judgment, cannot be
fairly construed as a rejection. Its fair import is that the
plaintiff is considering doubtfully the offer, and that, if
the offer had been or would be made more favorable to the
plaintiff it would solve the doubt. But granting that it
was a full and absolute refusal, in terms to accept the offer
made, I do not concur in their construction of the statute.
Of course, the offer of judgment, under the statute, is not
a tender of money, or a tender and payment into court,
but it is a tender of judgment, and I think its analogies
are to be found in the rules relating to tenders, rather than
in those relating to offers and acceptances in sales of
personal property in commercial transactions. *Coghlan* v.
*Railroad Co.*, 32 Fed. Rep., 317. In the latter cases no
relation already exists between the parties, and the question
to be determined is when a contract relation does or does
not exist. In such cases an offer once rejected ceases to
have any force whatever, and the person offering can claim
nothing whatever under it, while an offer of judgment grows
out of relations already existing between the parties. It is a
proceeding in a cause then pending between them, and under
which the plaintiff claims, and continues to claim, certain
rights, and may subject the plaintiffs to penalties. It is
the exercise of a right given by statute in view of the
already existing relations between the parties. I think the
statute was intended to apply to a class of cases not pro-
vided for by the laws in force without it, in relation to ten-
ders, and in the same direction. Under section 912, p. 317,
Laws 1884, a defendant, before action brought, might ten-
der the amount due, and, if it was refused, keep the tender
good, and plead it in defense of interest and costs, when
an action was brought; accompanying the plea with the
money thus tendered, (*Curiac* v. *Abadie*, 25 Cal., 502; 2
Pars. Cont., 7th Ed., 772;) and the sum so tendered and
paid into court would become the property of the plaintiff,
and might be withdrawn by him at any time, (*Murray* v.
*Bethune*, 1 Wend., 196; *Yee Seng* v. *Corbitt*, 9 Fed. Rep.,
431.)

I am unable, upon examination, to find any statute in
this territory authorizing a defendant to make tender after

suit brought. If this is so, it is probably because this statute, and the corresponding one relating to district courts, are deemed sufficient, and confirms me in my view of its general character. But it might happen that a plaintiff would be prosecuting his claim for judgment against a defendant who did not deny liability to the plaintiff, but had not the means at hand with which to make a tender. In such case, without this statute, the defendant would be compelled to suffer the increased expense of a trial, and the court would have to determine from evidence what the parties in fact admit. It was this latter class of cases the statute was intended to reach, and, in my judgment, it was intended by it to give to a defendant thus situated the right to tender to the plaintiff all that the court in which he is proceeding could give him—a judgment for the amount due; and by keeping it in tender for him until the trial, if it then remains unaccepted, to be released from any admission, by reason of it, and, in case the plaintiff failed to recover more than the offer, that then the defendant might use it to recover costs against the plaintiff from the time the tender was made. But the statute does not provide for any other rejection of the tender, but the expiration of the time stated in it, which is the time of the trial. It gives the plaintiff the right to choose at that time between a trial and acceptance of the offer. It recognizes no affirmative action on the part of the plaintiff respecting it, other than accepting it, or going to trial with the subsisting offer unaccepted. Then, for the first time, does the defendant acquire any right under it, or to use it for any purpose. A plaintiff may, in the animosity engendered by his contention or disagreement with a defendant, especially in cases where the amount in dispute is unliquidated and uncertain, when an offer of judgment is first presented, say, "I will not accept it;" but before the time fixed by the statute expires, cooler and more moderate judgment may prevail; and before trial, rather than enter upon a contest, he may conclude to accept it. I think it is not only within the literal terms of the statute, but within its policy, to permit him to do so. I think a defendant might as well be precluded from answering in

a civil suit after service of summons, and within the time allowed him by statute to do so, because he had in the mean time said he would not answer.

In a late case in California, decided since this case was heard in the district court, (*Scammon* v. *Denio*, 14 Pac. Rep., 98), I think the precise point in controversy here, at least in principle, was passed upon. The statute was substantially like ours, except that it gave the plaintiff five days to accept the offer, instead of up to the time of trial. The defendant, less than five days before the trial, made an offer of judgment. The plaintiff refused it. On the trial, the plaintiff recovered less than the offer. The defendant claimed the benefit of his offer, upon the ground that it had been made and refused, and the district court so held. The court, in reversing that judgment, say: "It will be observed that this section requires no affirmative action on the part of the plaintiff, unless he elects to accept the offer, and then he must give and file a notice of acceptance. There is no provision for an affirmative refusal to accept, and he may give and file the notice at any time within five days. The offer, therefore, has no effect whatever until after the expiration of five days, unless, before that, plaintiff accepts in the mode provided * * * It is true that the court found that appellant refused to accept the offer, but, in the first place, there is no provision for a refusal, except by a failure to file and serve a notice of acceptance, which may be done at any time within five days." The court also further found, in that case, that the court below erred in finding the fact that there was a refusal; but it argued, as above stated, upon the theory that there was. If the case at bar is reversed, on another trial in the district court, it will be identical with *Scammon* v. *Denio*. The defendant will have the benefit of an offer of judgment, which the plaintiff is denied the privilege of accepting within the statutory time, by reason of the refusal before made.

This discussion is not upon a case where the defendant, acting upon the refusal of the plaintiff to accept, has undertaken to withdraw his offer, and all claim of benefit under it, as though it had never been made. It is not

claimed that the offer was withdrawn, and in the opinion just read it is said: "There is nothing in the case that could be treated as a withdrawal." Indeed, no such claim could be made; for defendant, in his answer to the letter of plaintiff, which is construed as a refusal, in refusing to make any further offer, expressly reaffirms his offer by saying: "We would rather proceed than accept your terms. Have nothing further to say upon the subject." The offer, then, remained in full force, and I think could have been accepted after as well as before, and at any time before trial.

I think the judgment and order appealed from should be affirmed.