## HATTIE E. VAN ALLEN, RESPONDENT, *v.* JAMES H. GLASS AND ANOTHER, APPELLANTS.

*Costs — offer of judgment — if accepted, it stays the accruing of costs after its service.*

An offer of judgment, under section 738 of the Code of Civil Procedure, made by the parties defending an action, was served by mail upon the plaintiff on November eighth. Subsequently both parties noticed the case for trial at a term beginning December eighth. Thereafter, and on November twenty-sixth, the plaintiff accepted the offer.

Upon the taxation by the plaintiff of a bill of costs:

*Held*, that the service of the offer by mail gave the plaintiff twenty days for its consideration, and he having within that period elected to accept it, was not entitled to tax in his bill of costs an item for costs "after notice of trial," the same having accrued subsequent to the offer.

APPEAL by the defendants, James H. Glass and Charles B. Tafft, from an order, entered in the clerk's office of Schuyler county on the 7th day of April, 1891, denying their motion to correct a taxation of costs had in this action.

The action was commenced in May, 1890, by the personal service of the summons upon both defendants in Oneida county. The defendants answered separately, and the date of the issue is July 30, 1890; the venue of the action was laid in Schuyler county. The action was upon an undertaking executed by the defendants in November, 1883. On the 8th day of November, 1890, the defendants' attorneys, pursuant to section 738 of the Code of Civil Procedure, served by mail an offer of judgment. On the 22d day of November, 1890 (which fell on Saturday), the defendants' attorneys served on plaintiff's attorneys a notice of trial for the Schuyler Circuit, commencing on the 8th day of December, 1890, by mail, at the city of Utica, which was received by the plaintiff's attorney on the morning of November twenty-fourth. On November twenty-sixth defendants' attorneys filed with the clerk of Schuyler county a note of issue for the then approaching circuit. The plaintiff's attorney served a notice of trial for the same term by mail on the twenty-second of November, by depositing the same in the post-office at Watkins on the evening of the twenty-second, which notice, by usual course of mail, would reach the defendants' attorneys probably the twenty-fourth or twenty-fifth of November. On the twenty-sixth of November the plaintiff's attorney and his client had an interview and she determined to accept the offer made by the defendants, and thereupon the plaintiff's attorney gave notice of his acceptance, by mail, on the twenty-sixth day of November. The notice was served within the time fixed by statute, the offer having been served by mail giving the plaintiff twenty days, which did not expire until November twenty-eighth; on the eleventh of December judgment was entered by the clerk, and plaintiff's bill of costs was taxed at thirty-seven dollars and twenty-eight cents, and included among the items, viz. :

" Costs, by statute, before notice..... ............... $15 00
" Costs, by statute, one additional defendant........... 2 00
" Costs, by statute, after notice and before trial........ 15 00"

A notice for retaxation for the twenty-second of December was served by the plaintiff's attorney, on which day the attorneys for the respective parties appeared before the clerk, and the costs were readjusted at the same amount, to wit, thirty-seven dollars and

twenty-eight cents. The counsel for the defendants asked to have the taxation held open until he could communicate with the defendants' attorney. On the twenty-second of December counsel for defendants appeared before the clerk and objected separately to each item of the plaintiff's bill of costs, and the objections were overruled and the costs were retaxed at the sum of thirty-seven dollars and twenty-eight cents. Counsel for the defendants claimed " that the plaintiff's acceptance of the offer related back to the time the offer was served," and also claimed that the clerk " should tax costs accruing after the service of their offer in their favor, and they claimed to be allowed the $15.00 after notice and before trial, besides subsequent disbursements." Defendants' attorneys noticed a motion for a retaxation for the Broome Special Term, which was denied, the court holding that the plaintiff was entitled to the item of fifteen dollars after notice and before trial.

*Dunmore & Sholes,* for the appellants.

*John J. Van Allen,* for the respondent.

HARDIN, P. J.:

Section 738 of the Code of Civil Procedure provides that an offer may be made " to allow judgment to be taken   *   *   * for a sum   *   *   * therein specified, with costs ; " it also provides, viz. : " If the plaintiff within ten days thereafter serves upon the defendants' attorney a written notice that he accepts the offer, he may file the summons, complaint and offer, with proof of acceptance, and thereupon the clerk must enter judgment accordingly." As the offer of judgment was served by mail the plaintiff had twenty days from the time of service in which to determine upon the acceptance or non-acceptance, and to serve upon defendants' attorney " written notice that he accepts the offer." (*Pomeroy* v. *Hulin & Beebe,* 7 How., 161.) He was then authorized to file the summons, complaint and offer with proof of acceptance ; and it is further provided in that section that " thereupon the clerk must enter judgment accordingly."

In *Walker* v. *Johnson* (8 How., 241), it was said, viz. : " This right of the plaintiff is inconsistent with a co-existing right in the defendant, to take any steps in the action adverse to the plaintiff,

contrary to the offer. The offer amounts to a written stipulation on the part of the defendant, waiving all right to proceed in the action for the term of ten days, or until plaintiff makes his election to reject the offer." In that case it was said, "the defendant's order to dismiss the plaintiff's complaint, obtained by him within ten days after his offer, was, therefore, irregular and must be set aside." The case of *Hawley* v. *Davis* (5 Hun, 642), does not reach the question made here. In that case the defendant served upon the plaintiff's attorney an offer of judgment on the ninth of June, and on the fifteenth of June plaintiff took an inquest and entered judgment for the amount claimed, with costs, and it was held in that case "that as the ten days within which the Code required the plaintiff to accept or reject the offer had not elapsed when the action was tried, the plaintiff was entitled to the fee allowed for the trial of an issue of fact." In that case the offer never became efficient by an acceptance nor by the expiration of the time within which it might have been accepted.

In *Herman* v. *Lyons* (10 Hun, 111), an offer of judgment was served on the seventh of February, and, on the ninth of February, the cause was regularly called in its order on the calendar and an inquest taken therein, and the costs accruing subsequent to the offer taxed in plaintiff's favor, and it was held "that, as ten days had not elapsed from the service of the offer of judgment to the time of trial, the plaintiff was entitled to disregard the offer and to tax the costs thereafter accruing." In the course of the opinion it was said: "The plaintiff could treat the offer as a nullity, which he did do, and proceed with his action." In the case in hand the plaintiff did not treat the offer as a nullity, and, during the time allowed by statute for the acceptance of the offer, made her election to accept, and did accept, and with the offer, with the acceptance and proof thereof and other proper papers, applied to the clerk, who entered judgment in accordance with the offer.

The question here presented was considered in *Douglass* v *Macdurmid* (2 How. [N. S.], 289), and it was there held that where " the defendant serves an offer of judgment for a specific sum, with interest and costs, and after the offer is made both parties serve notice of trial, after which time the plaintiff accepts the offer, he is only entitled to costs before notice of trial — fifteen dollars." In

the course of the opinion in that case it was said "the notice of trial served by the defendant does not aid the plaintiff, because the offer prevented the defendant from moving the case for ten days after it was served (*Walker* v. *Johnson*, 8 How. Pr., 240), and the notice served by the defendant became nugatory on the acceptance of the offer." The rule stated in that case is satisfactory.

The order of the Special Term must be reversed, with ten dollars costs and disbursements, and the motion granted, so far as it asks to strike out the item of fifteen dollars after notice, and in other respects denied, without costs to either party.

MARTIN and MERWIN, JJ., concurred.

Order of the Special Term reversed, with ten dollars costs and disbursements, and the motion granted, so far as it asks to strike out the item of fifteen dollars after notice, and in other respects denied, without costs to either party.