[S. F. No. 1755.   Department Two.—February 12, 1901.]

## H. N. GRAY, Appellant, v. LA SOCIETE FRANCAISE DE BIENFAISANCE MUTUELLE, Respondent.

BUILDING CONTRACT—EXTRA WORK—WRITTEN ORDER REQUIRED.—Where by the terms of a building contract it was provided that "no extra work shall be allowed except where a written order from the architects is procured, approved by the building committee," and all increases of expenditure were required to be in writing, the owner of the building cannot be charged with extra work which the contractor was orally requested by the architects to perform, of which request the owner and the building committee were ignorant.

ID.—PROVISION FOR ARBITRATION—VALUE OF EXTRA WORK.—Where the contract provided that, in case a dispute should arise between the parties respecting the valuation of any extra work, two arbitrators should be appointed, with power to choose an umpire, the decision of any two of whom shall be final, and such dispute arose, and no request or attempt for arbitration was made by the plaintiff, and no excuse was shown by him for not having made such request or attempt, the plaintiff is precluded by the terms of the contract from maintaining an action for the alleged value of extra work.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion.

Fisher Ames, for Appellant.

A. Comte, and Boyd & Fifield, for Respondent.

COOPER, C.—This action was brought to foreclose a contractor's lien for work and labor done and materials furnished in supplying all of the concrete and artificial stone work for the building of the defendant known as the "French Hospital" in the city and county of San Francisco. The case was tried before the court, and findings filed upon which judgment was entered for defendants. Plaintiff made a motion for a new trial which was denied and this appeal is from the order denying the motion.

It is claimed that the evidence is insufficient to sustain the findings in two important particulars which we will discuss in the order as set forth in the briefs. On the seventh day of October, 1893, the plaintiff's assignor, a corporation, entered into a contract in writing with defendant corporation, by the terms of which the said assignor of plaintiff agreed to furnish labor, tools, materials, and appliances and perform and complete all the excavating, concrete, artificial stone work, cementing, and other work as shown and described in the plans and specifications made by the architects and signed by the parties at the time of making the said contract, all for the sum of twenty-five thousand eight hundred and eighty-five dollars. The work was performed and the contract price paid as agreed upon. The contention here is not as to the amount to be paid under the contract, and which was paid thereunder, but is as to an item of sixteen hundred and eighty-four dollars and fifty cents, which is particularly stated in finding 4 as follows, to wit:

"That immediately after the execution of said written contract the said Gray Brothers' Artificial Stone Paving Company entered upon the performance thereof, under said articles of agreement and specifications, and while they were so engaged in the early part of December, 1893, William Mooser, one of the said architects, requested said corporation orally to carry up the concrete walls eighteen inches higher than called for by the original plans and specifications, and that said corporation subsequently complied with said request, and did carry up said concrete walls eighteen inches higher than called for

by said plans and specifications, and in so doing put in six thousand seven hundred and thirty-eight cubic feet of concrete wall, of the value of sixteen hundred and eighty-four dollars and fifty cents."

The court found in effect that this item was for extra work and was not agreed to in writing, nor requested by defendant nor its building committee, and that for this reason plaintiff could not recover therefor. The main contention of appellant is that the item was for services performed under the original contract and was not for extras, and that the work was done at the request of the architect of defendant, and that for this reason the defendant is responsible. The contention is mainly based upon the following clause in the specifications which were a part of the contract, to wit: "If, in the opinion of architects, any particular place should require more cement or more thickness of floor or concrete than is called for, the contractor will have to do the same, and the cost of said work to be determined by the architects."

We think, without regard to the question as to whether or not the contested item is for extras or was incurred under the authority of the contract and said quoted clause in the specifications, the defendant is not liable. Immediately following the clause quoted from the specifications and as a part of the same sentence is the following: "But no extra work shall be allowed except where a written order from architects is procured, approved by the building committee." The court found "that the request of the architect therefor was never approved by the building committee, nor was the cost or value thereof ever fixed or agreed upon or prearranged." This finding is supported by the evidence. It follows that even if the original contract and the specification quoted authorized the carrying up of the concrete walls eighteen inches higher, it could only be a charge against defendant when done under a written order from the architect, approved by the building committee. The defendant cannot be bound outside the terms of its contract. The plaintiff agreed that no extra work should be allowed except upon a written order from the architect, approved by the building committee. It did not procure such order, and therefore must be held to the terms of its contract. The above is

the correct interpretation of the specification and was the true intent of the parties as shown by the other parts of the contract. It is provided in the eighth clause that "should the owner or the architect at any time during the progress of the work request any alterations to, or omissions from this contract, or the plans or specifications, either of them shall be at liberty to do so only by written agreement." It is provided in the ninth clause: "The rule of practice to be observed in the fulfillment of the last foregoing paragraph (8) shall be that upon the demand of either the contractor, owner, or architect, the character and valuation of any or all changes, omissions, or extra work, shall be agreed upon and fixed in writing, signed by the owner or architect and the contractor prior to execution."

And in the specifications after the clause hereinbefore quoted in specification 5 it is provided: "And in all cases where any alterations or additions (if any) shall involve any increase of expenditure not included or provided for in the drawings, specifications, or contract, then authority in writing shall be necessary and cost prearranged before such work shall be undertaken; neither will the same be paid for, nor any allowance be made in any respect thereof, unless the work in question shall have been executed under the authority of such written order, and said order be produced at the first settlement of extra account subsequent to the date thereof. Said written order to be given by architects and approved by building committee."

It thus appears that the parties over and over again bound themselves that no extras or extra work should be charged for unless agreed to in writing as provided in the contract and specifications. There is no evidence of any agreement in writing as to the item in contest. There is no evidence that it was for work done by virtue of any change of plans approved by the building committee. Not only this, but the court finds "that neither the defendant nor any of its officers, nor its board of trustees or its building committee, or any member thereof, ever knew of said oral request of the architect, or that said extra work was being done, or had been done until a considerable time subsequent to the doing of said extra work."

This finding is supported by the evidence, and is entirely

inconsistent with the contention of appellant's counsel that the defendant waived the provisions of the contract requiring all increases in expenditure to be in writing.

In *J. M. Griffith Co. v. Los Angeles* (Cal., Sept. 3, 1898), 54 Pac. Rep. 383, the plaintiff had contracted with the defendant for a fixed price to construct a certain sewer leading from the city of Los Angeles to the Pacific Ocean. After completing the contract the plaintiff claimed an amount for extras in furnishing, at the request of the city engineer, who had charge of the work, a large number of steel bands for the pipe, in addition to those required in the specifications. The amount claimed for such extras was four thousand and twelve dollars. The contract provided: "No extras are to be allowed except upon change of route or plan," and in regard to changes in the plans it provided: "But the changes so made, with the price to be added to or deducted from the contract price, shall be agreed upon between the parties hereto and indorsed upon the contract," and if not so indorsed "then the original price shall be neither increased nor diminished."

This court held that the amount so claimed could not be recovered and in the opinion said: "The contract, however, was plain that no extras should be allowed except on change of route or plans, and in case the engineer should change the plans, still no extra payment was provided for unless the changes so made, with the price to be added to or deducted from the contract price, 'shall be agreed upon between the parties hereto,' viz., the city and the contractors. If they could not agree on the price, then the engineer should fix the same. These provisions evidently mean that no changes of plan should become a part of the contract to be paid for by the city, unless it should agree thereto."

We have no doubt of the correctness of the above rule. The defendant had the right to the protection given it by its contract, and the right to determine through its building committee in a regular manner, as to whether or not it desired to change its plans, or increase the cost of the work for which it had contracted. The architect possessed only the powers given him by the contract. He is nowhere given the right to change the contract or plans. If the architect could change the plans

and specifications in material respects, of his own volition, then the contract would afford the defendant no protection. If he could raise the foundation eighteen inches and increase the cost seventeen hundred dollars, he could indefinitely expand, increase, and change the building until the cost would be doubled or trebled, and when completed the defendant would have a different building from that called for in its contract, and probably be bankrupt by the expense. We do not think such is the law. The agreement provided that in case a dispute should arise between the parties respecting the valuation of any extra work, the disputed matter should be submitted to two competent persons who are experts in the business of building, and in case these two cannot agree they shall select a third person, an umpire, and the decision of the two shall be binding on all parties. The plaintiff alleged that, being unable to agree with defendant on the value of the alleged extra work, the plaintiff's assignor proposed to defendant to arbitrate the same in the manner provided in the contract, and to that end offered to select upon its part an arbitrator and requested the defendant to likewise select an arbitrator, but that defendant refused and still refuses to arbitrate. This was denied by the answer and upon the issue so raised the court found: "That the said Gray Brothers' Artificial Stone Paving Company never at any time proposed to the defendant to arbitrate the value of said extra work and materials in the manner provided in said articles, and never offered to select, upon its part, an arbitrator, and never requested defendant to select an arbitrator to represent it for the purpose of making such arbitration. And the defendant never did in any way refuse to enter into any arbitration as to the value of said extra work. And no arbitration was in fact ever made or attempted as to the value of said extra work and materials." The evidence sustains this finding.

This finding precludes any recovery by plaintiff. Where parties have agreed to an arbitration as a condition precedent in a contract of this character they must arbitrate, or in good faith endeavor to do so, or show some good and sufficient excuse for not having done so before they will be allowed to

maintain an action. (*Holmes v. Richet*, 56 Cal. 307[1]; *Scammon v. Denio*, 72 Cal. 393.)

We do not think it can be said in view of the pleadings that there was no issue as to the value of the extras. Conceding that the question as to whether or not the disputed work was included in the contract is a matter for the court, and not subject to arbitration under the contract, it does not follow that the value of the work is not the subject of arbitration. If the court had found the work to be in addition to that originally called for and extras, it would still have to find the value in order for plaintiff to recover. The court could not find the value unless the plaintiff endeavored to ascertain it in the method provided by the contract, or showed some valid reason for not having done so.

We advise that the order be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the above opinion the order is affirmed.          McFarland, J., Temple, J., Harrison, J.