## Case No. 5,010.

### FOX v. HEMPFIELD R. CO.

[3 Wall. Jr. 243; [1] 14 Leg. Int. 148; 1 Pittsb. Rep. 372; 5 Pittsb. Leg. J. 37.]

Circuit Court, W. D. Pennsylvania. May Term, 1857.

Mr. Shaler, for plaintiff.
Mr. Hamilton, for defendant.

GRIER, Circuit Justice. The meaning of this clause cannot be doubted, notwithstanding its rather awkward expression. The parties agree that in case any matter arise between them concerning any matter connected with their agreement, instead of resorting to the legal tribunals for their settlement, they will submit the same to the decision of the engineer, whose award shall be final and conclusive.

If the plaintiff had averred that the matters in dispute had been submitted to the arbitrator, and that he had awarded the sum of $50,000 as damages, there is no doubt he could support an action on the award, if the defendant had refused to perform it. Such contracts to submit anticipated disputes on any subjects to an arbitrator whose award should be conclusive, have sometimes been held void, for the reason (if reason it can be called) that it was an attempt to oust the supreme courts of their jurisdiction. In Scott v. Arery, 8 Exch. 487, the court of exchequer ruled a plea like the present, bad, for this reason. The exchequer chamber reversing this judgment held, that although an agreement which ousts superior courts of their jurisdiction is illegal and void, yet as the contract did not deprive the party of his right to sue, but only rendered it a condition precedent that the amount to be recovered should be first ascertained by the arbitrator, it bound the parties. This latter judgment has now been affirmed by the house of lords on the advice of four to three learned judges, and sanctioned by the recommendation of the lord chancellor, and Lords Campbell and Brougham.

The result appears to be: First, that a condition in a contract that the sum recoverable on a breach shall be ascertained by arbitrators before the parties shall sue, either at law or at equity, is not such an agreement as will be treated as invalid, or

[1] [Reported by John William Wallace, Esq., and here reprinted by permission.]

as an attempt to oust the courts of their jurisdiction; and, secondly, that it is even doubtful whether there is any sufficient foundation, either in policy or principle, for the ancient and hitherto undoubted doctrine that parties cannot bind themselves by contract not to resort to the courts of law or equity. Lord Campbell stated thus emphatically his view of the main question in dispute:—"There is an express undertaking that no action shall be brought until the arbitrators have decided. There is abundant consideration for that in the mutual contract into which the parties have entered. Therefore, unless there be some illegality in the contract, the courts are bound to give it effect. There is no statute against such a contract. Then on what ground is it to be declared illegal? It is contended that it is contrary to public policy. That is rather a dangerous ground to go upon. What pretence can there be for saying that there is anything contrary to public policy in allowing parties to contract that they shall not be liable to any action until their liability has been ascertained by domestic and private tribunal upon which they themselves agree? Can the public be injured by it? It seems to me that it would be a most inexpedient encroachment upon the liberty of the subject if he were not allowed to enter into such a contract." And his lordship subsequently traced with much disapprobation the origin of the opposite principle, which he attributed to the endless competition of the courts, and their desire to absorb litigation into their respective jurisdictions.

This obsolete dogma does not appear to have been received with approbation in Pennsylvania. In the case of Monongahela Nav. Co. v. Fenton, 4 Watts & S. 205, it was decided that "if the parties to an executory contract make a provision in it that any dispute, which shall arise between them on the subject of the contract, shall be determined by an individual named, whose decision shall be final, no action will lie for a breach of the agreement by one against the other, but they must resort to the tribunal appointed by themselves. from whose award there is no appeal." That case governs the present, as to every dispute arising "relative to or touching the agreement" declared on.

Such a clause in contracts like those constantly made by corporations for great public improvements, is absolutely necessary to prevent the corporations from being ruined by endless litigation. It should be liberally construed and not subjected to ingenious criticism in order to support the jurisdiction of courts . law and encourage litigation.

The defendant is entitled to judgment on the demurrer. [See same case [Case No. 5,011]; Snodgrass v. Gavit. 4 Casey [28 Pa. St.] 221; Wightman v. Pettis. 5 Casey [29 Pa. St.] 283; McCahan v. Remey, 9 Casey

[33 Pa. St.] 535; Henderson v. Walker, 2 Grant. 36: McAdams' Ex'rs v. Stilwell, 1 Harris [13 Pa. St.] 90.] [2]