[Filed July 8, 1891.]

# J. R. MEYERS & CO. *v.* THE PACIFIC CONSTRUCTION CO.

CONTRACTS — DECISION OF UMPIRE.—Where a contract provides that disputes or differences arising between the parties shall be submitted to some certain person for settlement, whose decision shall be final, it is incumbent upon the plaintiff, in an action upon such a contract, to allege and prove a compliance with that condition, or at least a reasonable effort to comply with it.

FRAUD — REFUSAL TO ACT.—To excuse compliance with this rule, the plaintiff may show fraud or refusal to submit on the part of the defendant, or fraud or refusal to act on the part of the umpire.

Benton county: R. S. BEAN, Judge.

Defendant appeals.   Reversed.

*L. Flinn, Rufus Mallory*, and *John Burnett*, for Appellant.

Not having alleged any submission of the differences between the parties to the decision of the divisional engineer, the complaint fails to state a cause of action, and it was error on that account to allow any evidence whatever to go to the jury in support of the allegation of short measurements and wrong classification.   (*Howard* v. *R. R. Co.* 69 Pa. St. 489; *Mason* v. *Bridge*, 14 Me. 468, 31 Am. Dec. 66; *McAvoy* v. *Long*, 13 Ill. 147; *U. S.* v. *Robinson*, 9 Pet. 319; *Perkins* v. *U. S. Electric L. Co.* 16 Fed. Rep. 513; *Hood* v. *Hartshorn*, 100 Mass. 117, 1 Am. Rep. 89; *D. & H. Canal Co.* v. *Pa. Coal Co.* 50 N. Y. 250; *Butler* v. *Tucker*, 24 Wend. 447; *Smith* v. *Briggs*, 3 Denio, 73; *Smith* v. *Brady*, 17 N. Y. 173, 72 Am. Dec. 442; *McMahon* v. *R. R. Co.* 20 N. Y. 463; *M. & P. R. R. Co.* v. *March*, 114 U. S. 549; *Kihlberg's Case*, 97 U. S. 398; *Sweeney's Case*, 109 U. S. 618; *Herrick* v. *Belknap*, 27 Vt. 673; *Vanderwerker* v. *R. R. Co.* 27 Vt. 130.)

There is no allegation of fraud or other matter which would relieve plaintiffs from their obligation to submit the differences to the decision of the divisional engineer. (Bigelow on Fraud, 450; *Voorhees* v. *Bonesteel*, 16 Wall. 16; *Noonan* v. *Lee*, 2 Black, 499; *Riley* v. *Riley*, 34 Wis. 372; *Supervisors* v. *Decker*, 30 Wis. 634; *Lewis* v. *Nengel*, 38 Pa. St. 222; *Marr's Appeal*, 78 Pa. St. 66; *Specht* v. *Allen*, 12 Or. 117; *Misner* v. *Knapp*, 13 Or. 135, 57 Am. Rep. 6.)

This is not a cause for which other damages are recoverable than the amount of money due with interest. Therefore the charge in the complaint for supplies, material, plant, and so forth, which they say they have lost as a result of quitting the work, and giving as a reason for so quitting that the defendant did not pay the money due them, does not state a cause of action. (*F. & T. L. Co.* v. *Miller*, 67 Cal. 464; *Cox* v. *McLaughlin*, 54 Cal. 605; *Masterson* v. *Mayor*, 7 Hill, 61, 42 Am. Dec. 38; *Mackey* v. *Olssen*, 12 Or. 429; Field on Dam. § 10; *Moore* v. *Taylor*, 42 Hun, 45.)

The defendant claims the law to be in this case that plaintiffs can recover only for the value of the work done, at the contract price, and any profit he might have made by completing the contract; but they cannot recover for the loss on plant and cost of preparation and also for the value of the work done under the terms of the contract. (*U. S.* v. *Bohan*, 110 U. S. 338; *U. S.* v. *Speed*, 8 Wall. 77; *Bulkley* v. *U. S.* 19 Wall. 37; *Masterson* v. *City of Brooklyn*, 7 Hill, 61, 42 Am. Dec. 38; *Loudon* v. *Taxing Dist.* 104 U. S. 771; *Insurance Co.* v. *Piaggio*, 16 Wall. 378.)

*W. S. McFadden*, and *J. K. Weatherford*, for Respondents.

The contract was made with the understanding that plaintiffs should make the preparations that they did, both parties well knowing that the work required to be done by the contract could not be done without a great expenditure of money to get the plant and material on the ground for the purpose of vigorously pushing the work. And it is a well-established rule of law that under such circumstances the party not in fault can recover as damages for the loss

upon supplies of all kinds that became necessary for use in the progress of the work under the contract. (*U. S.* v. *Bohan*, 110 U. S. 338; *Taylor Mfg. Co.* v. *Hatcher Mfg. Co.* 39 Fed. Rep. 440; *Masterson* v. *Mayor*, 7 Hill, 61, 42 Am. Dec. 38; *U. S.* v. *Speed*, 8 Wall. 77; *U. S.* v. *Bulkley*, 19 Wall. 37; *U. S.* v. *Parrish*, 100 U. S. 500; *Griffin* v. *Colus*, 16 N. Y. 489, 69 Am. Dec. 718.)

When there has been part performance and expenditures made by one of the parties to a contract which is broken by the fault of the other, the party performing may recover his reasonable expenditures, etc. (*Mann* v. *Taylor*, 78 Iowa, 355; *Brent* v. *Parker*, 23 Fla. 200, 1 So. Rep. 780; *Bridge Co.* v. *O'Connor*, 88 Ky. 303, 11 S. W. Rep. 18; *Petrie* v. *Lane*, 67 Mich. 454.)

Expense of transportation necessarily incurred by the plaintiff in fulfilling his part of the agreement is a legitimate item of damage in an action for a breach of the contract. (*Coweta Falls Mfg. Co.* v. *Rogers*, 19 Ga. 416, 65 Am. Dec. 602; *Abbott* v. *Gatch*, 13 Md. 314, 71 Am. Dec. 635; *Ashe* v. *De Rossett*, 5 Jones (N. C.) 299, 72 Am. Dec. 552.)

Damages can be proportioned to the different parts of the work or breaches. (*Tarbell* v. *Linehan*, 151 Mass. 448.)

If plaintiff's plant was lost or destroyed by the breach on the part of the defendant, the measure of damages is the value of the same at the time, as it would be really a conversion. (*Ford* v. *Roberts*, 14 Colo. 291; *Sitton* v. *McDonald*, 25 S. C. 68, 60 Am. Rep. 484; *Savage* v. *Ingersol*, 46 Hun, 176.)

LORD, J.— This action was brought by the plaintiffs against the defendant for work and labor performed by them under three separate contracts set out in the complaint, and also for damages alleged to have been sustained for breach of these contracts by the defendant. All the contracts contain the same provisions, and are identical except that they cover different times for their performance, and different portions of the railroad to be constructed. They are minute in detail, specifying the prices to be paid for the various kinds of work to be performed, and prescribing what is solid rock, what is loose rock, what is cement gravel, what is hard-pan, etc., and providing also that the work done by the plaintiffs

shall be measured and estimated by the company's engineer for each month, and that payment shall be made by the defendant for the amount so ascertained upon the first of every month, etc., less ten per cent, and that such monthly estimate shall cover the work done as fully as possible without complete detail measurements and calculations of all parts of the work done, but that the divisional engineer in calculating or classifying, or approving the final estimate, shall not be bound by such monthly statements and classifications, but that such estimates shall be considered merely a basis for the defendant's monthly advances on account to the plaintiffs as contractors. And, finally, these contracts provide that "any dispute or difference between the company and the contractors under this contract as to the classification of work, or otherwise, shall be referred to the decision of the divisional engineer of the company, whose decision shall be final and conclusive on both parties to such dispute or difference."

The contention for the defendant is, that under these contracts, neither party could claim the benefit of them upon any point in dispute or difference arising between them in estimating or classifying the work done, unless the same was submitted to the divisional engineer for his decision, which would be binding upon them in the absence of fraud or gross misconduct evidencing bad faith. Hence, the defendant claims that the plaintiffs are precluded by such stipulation in their contracts from bringing or maintaining any action unless they can allege and show that the matters in dispute in respect to the work done under them have been submitted to the divisional engineer, and that his decision in the premises was fraudulent, or characterized by such gross mistakes or misconduct as would amount to fraud or bad faith. Within this view, a complaint would fail to state a cause of action that omitted to allege the submission of the matter in dispute arising out of the contract to the decision of the divisional engineer, and the misconduct on his part, which operated to avoid the conclusive effect of

his decision.  The only allegation in the complaint which can have any reference to this aspect of the case is as follows: "As a reason for abandoning said work on and under said contract was and is that the estimates of plaintiffs' work given by the defendant's engineers were for less than the amount of work done by the plaintiffs, and that said estimates and classification of said work by said engineers were false, unfair and unjust, and were so made by said engineers with the intent on the part of the defendant to defraud the plaintiffs and to deprive them of the just compensation for said work."  It would seem from this allegation that the plaintiffs considered and intended to charge that the estimates given by the company's engineers for the work done by them was so much less than they had in fact performed, and that not only the estimates of the same but its classification by them were so plainly wrong and unjust as to impute misconduct or bad faith on their part, indicating an intent to defraud the plaintiffs and to deprive them of their just compensation.  The wrong measurement and classification of the work as rendered by the company's engineers, are the grounds of grievance, and to which the plaintiffs object.

Assuming this to be true, the occasion would seem to be an appropriate one to invoke the decision of the arbiter selected by them to settle such differences, without resort to litigation, unless he was privy to the fraud or practiced it himself.  The reference to him was intended to correct any wrong or unfair measurement or classification of the work done by the engineers in charge, and his decision is binding and conclusive on both parties to the contract unless he in some way practiced fraud or was privy to it.  It is fraud on his part or refusal to act when alleged, that gives the right of action.  Now, there is a total absence of any allegation that the incorrect estimates or classifications of the work made by the company's engineers, and alleged to be so gross and unfair that an intent to defraud is charged, were or have ever been submitted to the divisional engineer, so that this

matter of difference arising out of the contract may have been decided by him and litigation avoided. The object of such stipulations is to prevent disputes and to secure accuracy of measurement and classification of the work done.

Nor is there any allegation that he practiced or was privy to any fraud. All that is alleged is that the engineers who made the measurements and classifications committed gross errors or acted unfairly and unjustly, but this is no allegation of fraud which would excuse the reference of such disputed questions to the divisional engineer. It is owing to the supposed competency and fairness of such officer to properly classify the work performed, and to accurately estimate it in case of dispute or difference, that he has been selected, and his decision made final and conclusive. A submission to him of the matter alleged, in the absence of any imputation of fraud or bad faith on his part, we have a right to assume would have resulted in correcting any mistake or wrong, either in the estimates or classification of the work performed, and thus avoided the matter now in dispute. It is in this way that the plaintiffs would have received the just compensation to which they were entitled under the terms of their contract, or at least the kind of evidence to prove their right to it, in case of refusal after its submission and decision.

It is, therefore, incumbent on the plaintiffs to allege and show a compliance with this condition of their contract, or at least a reasonable effort to comply with its condition, before any action can be maintained. In *Howard* v. *Railroad Co.* 69 Pa. St. 494, there was a contract for the construction of a railroad, containing among other things a stipulation of this character, and the court says: "It is agreed that to prevent disputes, the engineer of the work shall in all cases determine the amount or quality of the several kinds of work which are to be paid for under the contract, and decide every question which can or may arise relative to the execution of the contract on the part of the contractors; that his decision has been uniformly held to be final and conclusive.

It would, therefore, appear that this suit cannot be main-tained by all or any of the parties of the first part who are precluded by their own covenants." In *U. S.* v. *Robeson,* 9 Pet. 319, it was held that when the parties to a contract fix on a certain mode by which the amount to be paid shall be ascertained, the party that seeks the enforcement of the agreement must show that he has done everything on his part to carry it into effect. The cause of action is not perfect unless the prescribed mode of determining the extent of the liability has been pursued or has been dispensed with. In *Searle & Deane* v. *O. P. R. R. Co.,* recently decided by Mr. Justice DEADY, the question in the case was whether the defendant refused to refer the matter of difference to the divisional engineer under a contract identical with those set out in this record, and the plaintiffs were allowed "to amend their complaint so as to make that allegation and maintain the action." In *Butler* v. *Tucker,* 24 Wend. 449, it was held that where one party enters into a contract for doing work, and binds himself, that the whole shall be done and completed to the entire satisfaction of the other party and of third persons, in an action to recover the price stipulated to be paid for the work, it is necessary to aver in the pleading that the work was done to the satisfaction of the arbiters designated in the contract, BRONSON, J., saying: "When parties fix on an umpire and agree to abide his decision, neither of them, without the consent of the other, can withdraw the question of performance from the common arbiter for the purpose of referring it to the decision of a jury." In *Denver & N. O. Con. Co.* v. *Stout,* 8 Col. 61, it was held in an action to recover a balance alleged to be due on a contract for the construction of the defendant's road, where, under the terms of the contract, payments are to become due upon the inspection and estimates of the engineer of the defendant company, no right of action accrues until such estimates are procured, unless the engineer refuses to act or some other matter in avoidance appears, BECK, C. J., saying: "An examination of the cases cited shows that stipulations of this character are extensively

used in contracts relating to the building of railroads, and that their validity has been sustained by the most eminent courts. Where, as in the present case, an inspection and an estimate by the engineer in charge of the work are required by the terms of the agreement before either a monthly or final payment may be demanded, such stipulation forms a condition precedent, and no right of action exists until such inspection and estimate are made. Or if a dispute arises between the contracting parties as to the quality or sufficiency of the work performed under the contract, the dispute must be settled in the manner and by the person provided by the contract before a resort may be had to another forum. (*D. & H. Canal Co.* v. *Pa. Coal Co.* 50 N. Y. 250; *Jackson* v. *Cleaveland,* 19 Wis. *400; *Hudson* v. *McCartney,* 33 Wis. 331; *Reynolds* v. *Caldwell,* 51 Pa. St. 298; *Snell* v. *Brown,* 71 Ill. 133; *Humaston* v. *Tel. Co.* 20 Wall. 20; *Fox* v. *R. R. Co.* 3 Wall. Jr. 243.) Causes sufficient to excuse a resort to the arbiter designated in the agreement may arise, as where he refuses to act, or is prevented from acting by the opposite party. But one of the parties cannot arbitrarily ignore or revoke the stipulation and resort in the first instance to the courts of law."

In *D. S. P. & P. R. Co.* v. *Riley,* 7 Col. 494, the action was brought to recover a balance claimed to be due for grading seven sections of the defendant's railroad. The appellee claimed that the total amount of work done by him was underestimated by the engineer, and that consequently his compensation was less by several thousand dollars than it should have been. In this regard the grievances were like the case at bar. But the court says: "His position is and must be that the aggregate amount of grading done under the contract is not one of the matters as to which the engineer's decision was to be final and conclusive. Upon this view alone could he have maintained his action; for the engineer had passed upon the measurement and fixed the amount of work performed. Appellee charged no fraud against the officer, nor does he aver or attempt to

prove any such mistake on the latter's part as will vitiate his determination of the question.   These things being true, the engineer's decision would be final, if the matter is covered by the italicised phrases in the paragraph of the agreement." (*Condon* v. *R. R. Co.* 14 Gratt. 302; *Vanderwerker* v. *R. R. Co.* 27 Vt. 130.)

In the case at bar, the matter alleged, affecting the plaintiffs' right of compensation, is that the estimates of the work performed by them was grossly underestimated and wrongly classified by the company's engineers, the identical matter as to which the divisional engineer's decision was to be final and conclusive.   The plaintiffs charge no fraud against the divisional engineer, nor do they aver any, or any excuse for not resorting to him, and yet attempt to maintain the action in disregard of their stipulation. Where parties standing upon an equal footing deliberately select a person as fit and competent to decide, and by whose determination they have agreed to abide, it is but reasonable and proper that the contractor should be held to the performance of his agreement. (*Hudson* v. *McCartney,* 33 Wis. 331.)   The divisional engineer was selected and the stipulation entered into for the sole purpose of settling all differences which might arise in estimating the work done, its classification and matters of that kind, making his decision final, so that litigation — the present action — might be avoided.   It is on account of these alleged erroneous measurements and classifications that a dispute or difference exists, whereby the plaintiffs claim they have not received as much money as was their due under the contract.   This is the foundation of their grievance.   Their contract provides the person to whom shall be referred such disputes or differences as to the calculation and classification of the work performed; and until such reference is made, there is no performance of this condition, and no right of action exists. It is intended to prevent the parties to it from resorting to the law to settle their differences when the contract has provided the person to determine the matter, and whose

decision is final in the absence of fraud or palpable mistake. It operates alike on both, and before any of the parties to the contract can claim any benefit from it in regard to any differences which may arise between them, either as to the classification or otherwise of the work performed, the matter must be referred to the divisional engineer for his decision, and until that is done, or some valid reason alleged for not doing it, no right of action exists. It is enough that the parties have seen fit to insert the condition, that any dispute or difference, arising under their contract, "as to the classification of the work or otherwise," shall be referred to such officer, whose decision shall be final, that its performance is required before resort can be had to any legal tribunal.

The plaintiffs are as much bound by this part of their contract as any other, and it is necessary for them to allege and show compliance with it, or at least some excuse for not doing it, before they can maintain an action. As the allegation is insufficient in the view expressed to show a breach, or give a right of action, it results that the overruling of the demurrer, the admission of the evidence, and the giving of the first instruction excepted to, was error, for which the judgment must be reversed, and the cause remanded for such further proceedings as may be proper not inconsistent with this opinion.

BEAN, J., did not participate in this decision.