[Decided June 26, 1894.]

# BALL *v.* DOUD.

[ S. C. 37 Pac. Rep. 70.]

1. ARBITRATION AND AWARD\*—CONTRACTS—CONDITION PRECEDENT.— An agreement to refer to arbitrators all disputed matters that may arise under a contract can be repudiated by either party at any time before the award is made; but an agreement to submit to arbitration a particular question is binding, and must be complied with, or a reasonable effort made so to do, as a condition precedent to a right of action; thus, where one performs extra work on a building under a contract that, if there is any dispute respecting the true value of any alteration or work added or omitted, the same shall be fixed by arbitration, he cannot maintain an action to recover the amount of such work until its value has been ascertained by arbitration, or an ineffectual attempt to do so has been made: *Meyers* v. *Pacific Construction Company,* 20 Or. 603, approved and followed.

2. CONTRACTS—AGREEMENT TO ARBITRATE.— Under a contract providing that a certain per cent. of the contract price shall be paid in installments as the work progresses, and the balance within a designated number of days after its satisfactory completion and acceptance; and that alterations and deviations may be made from the plans and specifications; and that if any dispute shall arise respecting the true value of any alteration or deviation, its value shall be fixed by arbitrators; the contractor cannot maintain an action to recover the withheld percentage, where deviations and alterations have been made, without submitting or attempting to submit the value or such changes to the arbitrators. If the installments have not been paid, action can be brought for their recovery, since they are due absolutely under the contract and without arbitration, but the value of the deviations and alterations, being a single fact referred to the decision of a third party, must be ascertained in the manner agreed upon before suit can be brought.

3. PLEADING—DEMURRER—CODE, § 71—APPELLATE PRACTICE.— A complaint on a contract, which sets out a copy of the contract, but fails to allege plaintiff's performance of its conditions, does not state a cause of action, and this objection may be raised for the first time in the appellate court: Hill's Code, § 71; *Evarts* v. *Steger,* 5 Or. 147, cited and approved.

\*The effect upon other remedies of an agreement to arbitrate is shown in a note to the West Virginia case of *Kinney* v. *Baltimore & Ohio Employes' Association,* 15 L. R. A. 142; and the subject of agreements to submit to arbitration is carefully reviewed in a note to the insurance case of *Commercial Union Assurance Company* v. *Hocking,* 2 Am. St. Rep. 566.—REPORTER.

APPEAL from Multnomah: LOYAL B. STEARNS, Judge.

This is a suit to foreclose a mechanics' lien.    The facts are that the firm of Ball & Babcock, on June fifth, eighteen hundred and ninety, entered into a written contract with E. O. Doud, whereby they, in consideration of five thousand dollars, agreed to furnish the materials and erect a dwelling-house for him upon lot ten of block six in Mount Tabor townsite, according to the plans, specifications, and general and detail drawings therefor, in a good and workmanlike manner, to the satisfaction of E. O. Doud, owner and architect, and under his direction, and to complete the same on or before the fifteenth day of October of that year, unless an extension of the time for its completion became necessary in making alterations, or in case of a general strike, fire, or unusual action of the elements; and if the building was not completed within the time agreed upon, they were to forfeit ten dollars per day, as liquidated damages.    Seventy-five per cent. of the contract price was to be paid in four installments, as the work progressed, and the remainder within thirty-five days from the satisfactory completion and acceptance of the building, which sum was to be withheld as security for the faithful performance of the contract, to be applied, under the direction of the said Doud, in discharging liens upon the property, if any, and in liquidation of damages.    Said contract also contained the following provision: "It is further agreed that said party of the second part may make all alterations, by adding, omitting, or deviating from the aforesaid plans, drawings, and specifications, or either of them, which he shall deem proper, and the said architect shall advise, without impairing the validity of this contract; and in all such cases the said architect shall value or appraise such alterations, and add to or deduct from the amount herein agreed to be paid to such first party, the excess or defi-

ciency occasioned by such alteration. But should any dispute arise respecting the true value of any alteration, or work added or omitted by the contractor, the same shall be valued by two competent persons,—one employed by the owner and the other by the contractor,—and these two shall have power to name an umpire, whose decision shall be binding on all parties." The owner made some alterations in the plans and specifications, and, except the painting of some cresting, the building was completed and surrendered to him on the twenty-fourth day of November, about which time the contractors presented a claim for seven hundred dollars on account of extra work. J. W. Babcock, one of the contractors, died, and his partner, J. W. Ball, was on February second, eighteen hundred and ninety-one, duly appointed administrator of the copartnership estate, and he, on the thirteenth day of March, and within sixty days from the final completion of the building, filed a mechanics' lien upon lots nine and ten in block six in the town of Mount Tabor, in Multnomah County, Oregon, to secure the payment of four hundred and sixty-five dollars, alleged to be due under the contract, and seven hundred dollars on account of extra work on the building. Doud died on the twenty-fifth day of April, eighteen hundred and ninety-one, and Delia A. Doud, his widow, was by his last will nominated executrix thereof, and, upon being appointed by the county court, duly qualified as such. The plaintiff, as administrator of the copartership estate, on August sixth, eighteen hundred and ninety-one, without attempting to ascertain the amount due in the manner prescribed in the contract, commenced this suit against the executrix of the last will and testament of E. O. Doud to foreclose said lien. The plaintiff alleges that a dwelling-house was erected upon said real property, according to the plans, specifications, and contract, and that there became due from the owner to the

contractors five thousand dollars on account thereof, of which sum he had been paid four thousand five hundred and thirty-five dollars; that in the construction of said dwelling Doud ordered certain alterations and changes requiring extra work and material of the reasonable value of seven hundred dollars, an itemized account of which is given, that necessitated an extension of the time in which said dwelling was to have been completed, and prayed for a judgment of one thousand one hundred and sixty-five dollars, with interest from January thirteenth, eighteen hundred and ninety-one, five dollars for preparing and filing the notice of lien, and one hundred and fifty dollars for attorney fees, and a decree foreclosing said lien.

The defendant, after denying the material allegations of the complaint, admits that E. O. Doud ordered certain alterations and changes in the plans and specifications, which required extra work and material, and an extension of time for the completion of the building, but denied that more than fifteen days were required therefor, or that the reasonable value of the extra work and material was greater than the sum of one hundred and thirteen dollars and twenty-five cents, and alleges that by reason of the faulty construction of said dwelling, and delay in completing it within the extended time, the estate of E. O. Doud had been damaged in the sum of one thousand and seven dollars, an itemized account of which is given, and prayed judgment against the plaintiff for four hundred and twenty dollars and seventy-five cents. A reply having put in issue the allegations of new matter contained in the answer, the cause was referred to M. C. George, Esq., to take testimony and report his findings of fact and conclusions of law thereon; and he, having found for the plaintiff in the amount claimed on the contract, and three hundred and thirty-nine dollars for the extra work, allowed

26 OR.—3.

the defendant an offset of eighty-one dollars and seventy-five cents on account of defective workmanship. The court, upon the hearing, affirmed the referee's report, and a decree was rendered against the defendant for seven hundred and twenty-two dollars as the amount due, one dollar and twenty-five cents for recording the lien, one hundred and twenty-five dollars as attorney's fees, together with his costs and disbursements, and for the foreclosure of the lien, from which the defendant appeals.

REVERSED.

*Messrs. William W. Thayer,* and *Newton McCoy,* for Appellant.

*Mr. Cicero M. Idleman, (Mr. W. Carey Johnson* on the brief), for Respondent.

It is claimed that the contract provided a method for ascertaining the valuation of extra labor and materials, and there is no allegation that the value was so determined, or that plaintiff made any effort to have the value determined according to the contract. This objection should have been plead in abatement, and having answered in bar the defense is not now available: *Winter & Lattimer* v. *Norton,* 1 Or. 42; *Hopwood* v. *Patterson,* 2 Or. 49. Where the contract provides for a method of arbitration, and this is not followed, the objection is in the nature of a plea in abatement and not a defense in bar. Moreover, this section of the contract provides for the arbitration only in case a dispute arises respecting the true value of any alteration or work added or omitted. The complaint does not show that any such dispute arose, and if the clause is to be availed of as a defense it must be plead: *Dyer* v. *Piscataqua Insurance Company,* 53 Me. 118. Again, this clause of the contract is not to be construed as a condition

precedent to recovery. This method of determining the amount is concurrent with the right of the courts, and is not exclusive. Parties cannot by such stipulation oust the courts of jurisdiction: *Gray* v. *Wilson*, 4 Watts. 41; *Reed* v. *Washington Fire and Marine Insurance Company*, 38 Mass. 572; 1 Am. and Eng. Ency. 667. The provision for arbitration is revocable by either party, and there would seem to be no question that the bringing of an action for the same matters is a complete and effectual revocation of the submission: 2 Wood on Fire Insurance, 1010; *Mentz* v. *Armenia Insurance Company*, 79 Penn. St. 478, 21 Am. Rep. 80; *Leach* v. *Republic Fire Insurance Company*, 58 N. H. 245. The benefits of the provision may be waived by the owner, and, unless he can show that he named his arbitrator and called on the builder to do likewise, he is not in a position to claim any benefit from the clause of the contract, but must be presumed to have waived it: 2 Wood on Fire Insurance, 1012; *Cobb* v. *New England Insurance Company*, 6 Gray, 192.

Opinion by MR. JUSTICE MOORE.

1. Appellant's counsel contend that, the contract having provided a method for ascertaining the value of the extra labor and materials necessitated by a change in the plans and specifications, no suit to recover the amount due on account thereof can be maintained until the plaintiff has ascertained it according to the terms of the contract, or, at least, till he has made an ineffectual attempt to do so. On the other hand it is contended for plaintiff that he may, at his option, disregard the mode of settlement agreed upon, and resort directly to the tribunals provided by the state for the determination of questions in controversy. It is undoubtedly true that no person can be bound to deprive himself of his constitutional right to have his cause

tried in a court of law or equity, and he may, if he chooses, revoke an agreement to submit all matters of dispute to arbitration, at any time before an award has been made: Morse on Arbitration and Award, 230.    An agreement to refer all matters of dispute that may arise under an executory contract would oust courts of jurisdiction (*Delaware, etc., Canal Company* v. *Pennsylvania Coal Company*, 50 N. Y. 250), and therefore such an agreement does not bar a party's remedy by action at law or by suit in equity: *Smith* v. *Boston & Concord Railroad Company*, 36 N. H. 458. But, while a party may withdraw an agreement to submit all matters of dispute to arbitration, he cannot withdraw from an agreement to submit a particular question to the judgment of a third person for the purpose of ascertaining some particular fact: *United States* v. *Robeson*, 9 Peters, 327.    If the work is to be done or materials are to be furnished to the satisfaction or acceptance of a third person, or the amount to be paid is dependent on his decision as to quantity, quality, or price of materials or workmanship, such provision is a condition precedent, and must be complied with before any cause of action exists: *Smith* v. *Boston, etc., Railroad Company*, 36 N. H. 458.    This doctrine probably had its origin in the case of *Scott* v. *Avery*, 5 House of Lords Cases, 811, in which it was held that no agreement of the parties can oust the courts of law of jurisdiction, but that a covenant to submit some particular fact, or to determine an amount due from one party to the other, was a condition precedent to any right of action.

In an exhaustive note to the case of *Kinney* v. *Baltimore & Ohio Employes Association*, 35 W. V. 385, 15 L. R. A. 142, 13 S. E. 8, the learned editor has collated a list of cases in the American courts in which the distinction in *Scott* v. *Avery* has been observed, and among them that of *Holmes* v. *Richet*, 58 Cal. 307, 38 Am. Rep. 54, which was an

action to foreclose a mechanics' lien.  There the contractor claimed a lien for extra work upon a building under a contract which provided that if any dispute should arise respecting the true value of the extra work, or work omitted, the same should be valued by two competent persons,— one employed by the owner and the other by the contractor,— and, in case they could not agree, those two should have power to name an umpire whose decision should be binding on all parties.  The court held that no .right of action accrued to the contractor for the extra work done by him until the same was valued, or some good and sufficient excuse for a failure to value the same in accordance with the agreement was shown.  This decision was approved in *Scammon* v. *Denio*, 72 Cal. 393, 14 Pac. 98, which was also an action to foreclose a mechanics' lien embracing a claim for extra work done under a contract providing that such claim should be submitted to arbitration.  In *Meyers* v. *Pacific Construction Company*, 20 Or. 603, 27 Pac. 584, it was held that where a contract provided that disputes arising between parties should be submitted to some certain person for settlement, whose decision should be final, it was incumbent upon the plaintiff, in an action upon the contract, to allege and prove a compliance with that condition, or at least that a reasonable effort had been made to comply with the stipulation, and thus the distinction in *Scott* v. *Avery*, was established as the rule of interpretation in this state.  The parties having agreed that arbitrators, to be chosen in a designated manner, should ascertain the expense necessitated or saved by alterations in the plans and specifications, and add or deduct the amount, as the case may be, to or from the contract price, and this provision being an agreement to refer a particular question, the decision of the arbitrators became a

condition precedent to any right of suit for extra labor and material.

2.   Another question presented is whether the agreement to refer would deprive the plaintiff of his right to recover the balance of the amount expressly agreed to be paid for the building.   It was agreed that the last installment of the contract price, being twenty-five per cent. thereof, should be withheld thirty-five days after the satisfactory completion and acceptance of the building, which amount was to be applied, under the direction of the architect, in satisfying and discharging liens, and in liquidation of damages.   This would probably mean such damages as the owner might sustain in consequence of a failure to complete the building within the agreed time, from defective material and from faulty workmanship.   If the contract had contained no provision to deduct from the agreed price the deficiency caused by alterations in the plans and specifications, there can be no doubt that the lien might have been claimed, and a suit maintained to foreclose it, for the balance due, if the claimant honestly contended that the contract had been fully executed, without referring the question to arbitrators; and the damages sustained by the owner, if any, could then have become an issuable fact in the suit, and the decree could have settled the amount due under the express contract to pay five thousand dollars for the completion of the building according to the plans and specifications.   The owner agreed to pay seventy-five per cent. of the contract price as the work progressed, but reserved the right to make such alterations therein as he chose.   If the changes made had lessened the cost of constructing the building twenty-five per cent., then there would have been nothing due under the contract; and in such case, had the contractors claimed more, they would have to submit the question of difference between the cost of constructing

the building according to the plans and specifications, and as modified by the change, to the decision of the arbitrators, before a suit could be maintained therefor. The agreement to deduct the value of the work omitted would make the amount of the final payment, in case of change and disagreement, dependent upon the decision of the arbitrators, and it can make no difference whether the changes would have increased or reduced the contract price, and hence no suit can be maintained for any amount in excess of the seventy-five per cent. of the contract price until the value of the alterations has been ascertained in the manner agreed upon by the parties.

3.   The remaining question is whether the defendant has waived her right to insist upon this defense. The plaintiff having set out a copy of the contract, and not having alleged a compliance with its conditions, his complaint was demurrable: *Meyers* v. *Pacific Construction Company*, 20 Or. 603, 27 Pac. 584; 2 Estee's Pleading (3d ed.), § 3183. By answering to the merits, and not pleading in abatement, it is contended that the defendant has waived her right to insist upon the provisions of the contract. The object of a plea in abatement is to show to the court some allegation of fact that does not appear from the pleadings: *Koenig* v. *Nott*, 2 Hilt. 328. The complaint having set out the contract containing the provision to refer, the court was in possession of the fact, and there was no need of a plea in abatement. Failing to allege, after setting out the contract, that the amount due had been ascertained in the manner therein required, the complaint did not state facts sufficient to constitute a cause of suit *(Meyers* v. *Pacific Construction Company*, 20 Or. 603, 27 Pac. 584), and this objection is not waived by failure to demur or answer (Hill's Code, § 71), and may be urged on appeal: *Evarts* v. *Steger*, 5 Or. 147. The complaint not

having stated a cause of suit, the decree will therefore be reversed, and the complaint dismissed.

REVERSED.