Argued at Pendleton October 27, affirmed December 21, 1920.

# CLERIN *v.* ECCLES.

### (193 Pac. 1045.)

**Contracts—Complaint must Show Performance or Waiver of Conditions.**

1.  A party seeking to recover on a contract must show in his complaint either that he has performed all of the conditions on his part to be performed or that performance has been waived by the defendant.

**Corporations—Strict Compliance With Contract of Sale of Stock Waived by Buyer so That One of the Sellers was Entitled to Maintain Separate Action.**

2.  Where plaintiff and his associates agreed to sell to defendants their shares of the stock of a corporation, the agreement to be evidenced by the joint and several notes of one of the defendants payable to plaintiff and his associates as their interest appeared, the contract, which required a sale by all of the plaintiffs, is joint and several between the parties on either side, but where, on plaintiff's transfer of his stock, defendants accepted it and gave a note, plaintiff's associates, though ready and willing, not yet having transferred their stock, strict compliance with the contract was waived by defendants, and plaintiff may maintain in his own name an action on the note given him without joining his former fellow stockholders.

**Corporations—Buyer of Stock Held Entitled Either to Rescind or Counterclaim for Damages.**

3.  Where plaintiff and his several associates agreed to sell to defendants all of their holdings in the stock of a corporation, and plaintiff's associates failed to transfer their shares, defendants, notwithstanding plaintiff's performance, may rescind the contract, being joint, or they may, when sued for the purchase price, counterclaim for damages for breach of the conditions as to the joint sale.

**Corporations—Pledge of Corporate Stock Does not Deprive Pledgor of All Property Rights.**

4.  The pledge of corporate stock does not deprive the pledgor of all of his property rights therein.

**Corporations—Notice of Rescission of Contract to Purchase Corporate Stock Necessary, Though Stock Pledged With Seller to Secure Purchase-money Note.**

5.  Where plaintiff and his associates agreed to sell defendants their holdings in the stock of a corporation, and plaintiff delivered his stock, receiving a note for the purchase price, the stock being pledged with him to secure payment, notice of rescission on account of the failure of his associates to perform is necessary; the general rule being applicable, despite defendants' contention that notice is not necessary where the consideration has wholly failed, for the

pledge of the stock to secure the note did not deprive defendants of all property rights therein.

**Corporations—Recaption of Stock Held not Exclusive Remedy of Seller.**

6. Where plaintiff and his associates agreed to sell their holdings of corporate stock to defendants, and plaintiff made delivery, receiving a note for the purchase price, a provision of the contract permitting the sellers to declare a breach of the contract and resume ownership of the stock on default in payment of the note did not make recaption of the stock, which was redelivered to plaintiff as a pledge to secure payment of the note, his exclusive remedy.

From Baker: Gustav Anderson, Judge.

In Banc.

On November 12, 1907, as stated in the complaint, the plaintiff and his associates, stockholders of the Fir Lumber Manufacturing Company, a corporation, contracted jointly and severally to sell their several holdings of stock in that concern to W. H. Eccles, R. S. Eccles and W. H. Cheesman. At the time, as stated in the contract, the plaintiff and his associates held as follows:

| | | |
|---|---:|---|
| Clerin | 120 | shares |
| Finn | 30 | " |
| Hostetler | 63 | " |
| McGregor | 102 | " |
| Newman | 35 | " |
| Kalvelage | 150 | " |
| Total | 500 | shares. |

The purchase price agreed upon was $70 per share for the respective holdings of Clerin and associates. The defendants, to whom allusion will be made for convenience as "Eccles," contracted to take the stock and pay for the same in one year, the agreement to pay to be evidenced by the joint and several promissory notes of Eccles, payable to Clerin and associates as their respective interests appeared.

The stock of each, after having been transferred to Eccles, was to be pledged to the seller as collateral security for the payment of the note given to that seller. Included in the contract was an agreement that a certain logging contract held by Clerin, Hostetler, and McGregor with Davis and McRae was to be transferred to the Fir Lumber Manufacturing Company. Another condition of the contract reads thus:

"It is expressly understood and agreed that, in the event of the failure of the parties of the second part to consummate this agreement on their part by the delivery of the notes as herein provided, any and all additions or betterments made upon the premises of the Fir Lumber Manufacturing Company by said second parties during the life of this agreement shall be and become the property of the said company in lieu of liquidated damages and accruing to the first parties by reason of such failure of the second parties to perform; but if this agreement is not consummated by reason of the fault of the first parties, then all additions and betterments placed upon said premises by said second parties during the life of this agreement may be removed by them.

"It is further expressly agreed that in case of the failure of the parties to consummate this agreement, or in case of the failure of the second parties to pay the notes herein mentioned promptly when due, the parties of the first part may at once declare a breach of this agreement and resume the ownership of the corporate stock herein contracted for, and take possession of all of said corporate property, and the parties of the second part agree to deliver up the same peaceably."

It is averred, in substance, in the complaint that the plaintiff performed the contract on his part to be performed and that his associates each offered to perform in the same manner and were ready, able

and willing to perform, but that the defendants refused to accept some of the stock as required by the contract, and that the failure of the plaintiff fully to perform the covenants was due to the refusal of the defendants to accept the stock of some of his associates. It is averred also by the plaintiff that the defendants took his stock and executed and delivered to him their note for $8,400 in accordance with the terms of the contract; that the same has not been paid, and that he⁻ is the owner and holder of it; wherefore he demands judgment for the amount of the note, and attorney's fees, less certain interest on the note which the defendants had paid. The making of the note and contract is admitted, except that there is an unimportant difference in the contract as set out in the complaint and as narrated in the answer. But, as stated in the brief of the defendants, that variance between the two copies is not of any moment in the present issue.

It is unquestioned that W. H. Eccles died before the commencement of this action; that R. S. Eccles was appointed his administrator; that the plaintiff presented his claim to the administrator in due form; that the same was rejected; and that six months from the rejection of the same have elapsed before the commencement of this action. After sundry denials of allegations of the complaint, the defendants set up affirmatively the organization of the Fir Lumber Manufacturing Company, the issue of 500 shares of its stock, held, as stated in the contract, by the plaintiff and his associates, and set out the contract as stated in the complaint, except as to the unimportant difference already mentioned. The defendants avow the making, execution and delivery to the plaintiff of the note sued on in the complaint

and the pledge of the stock formerly owned by him as collateral security for its payment. They charge a breach of the contract on the part of the plaintiff and his associates in that they did not transfer all of the 500 shares of stock. The culmination of their first separate defense is an averment in these terms:

"That on account of the failure and refusal by plaintiff and his said co-contractors to sell to the defendant, the deceased, and said Cheesman all of the 500 shares of stock in said corporation agreed to be sold as aforesaid, and because of the inability on account thereof of this defendant, the deceased, and said Cheesman to obtain control of said corporation and the management of its business and the conduct of its affairs, the defendant, the deceased, and said Cheesman renounced said contract and refused to be further bound thereby, and thereupon and in accordance with the terms and provisions of said contract the plaintiff and his said co-contractors resumed the control of the corporate property, as well as the ownership of the stock by them agreed to be sold as aforesaid and for the payment of which the promissory note mentioned in the complaint, as well as the other notes hereinabove mentioned, were given; and ever since said time the plaintiff and his said co-contractors have been and are the owners and holders of said stock and as such stockholders have been and are in control of the affairs, business, and assets of said Fir Lumber Manufacturing Company."

Counting also on the matter thus stated they substantially allege that the consideration for the notes has wholly failed and the note sued on in the complaint "is and at all times has been without consideration." A second defense is substantially that the provision of the contract already quoted, to the effect that in case of a breach the plaintiff and his

associates might take possession of the property, etc., constitutes an exclusive remedy by the contract.

The new matter in the answer is traversed by the reply and in that pleading avers, in substance, that at no time since the execution of the note and contract was it possible for the plaintiff and his associates to exercise their option to retake the property, because when the note became due Eccles was not the owner of the property and did not have any authority or control over it to enable him to transfer the same, so that the plaintiff did not attempt to take possession thereof. The jury trial resulted in a verdict and judgment for the plaintiff, and the defendants appeal.                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John L. Rand.*

For respondent there was a brief with oral arguments by *Messrs. Nichols & Hallock.*

BURNETT, J.—There are very many assignments of error, but substantially they are grounded upon the proposition urged by the defendants that the plaintiff is seeking to recover upon a contract which he has not performed on his part; further, that because the defendants pledged to the plaintiff as collateral for the security of the note, the stock they bought, they had received nothing from him, in consequence of which the consideration of the note wholly failed, giving rise to the corollary that it was not necessary for the defendants to give notice of the rescission of the contract.

1, 2. It is true as a principle of law that a party seeking to recover upon a contract must show in his complaint either that he has performed all of the

conditions on his part to be performed or that performance thereof has been waived by the defendant. The stipulations in the contract were joint and several as between the parties on either side; that is to say, Clerin promised jointly and severally with his co-contractors that he would transfer to the defendants all of the 500 shares of stock of the corporation. Consequently, he must show in his complaint either that he caused all of this to be done or that its full performance was waived by the defendants. The agreements of the parties of the first part and of the parties of the second part about the giving of the notes and the transfer of the stock to the defendants were mutual and concurrent covenants. In other words, the defendants were not bound to issue any note to any of the other contracting parties until all of the 500 shares of stock were tendered to the former. The allegation in the complaint to the effect that the plaintiff transferred and the defendants accepted his stock, that the latter gave and plaintiff accepted their note sued upon, that plaintiff's associates were ready, able and willing to transfer their stock, and that the defendants refused to take over the same, is a sufficient statement from which the conclusion may be drawn that the defendants, at least as to the plaintiff, waived strict performance of the contract on his part as a condition precedent to his maintenance of this action on their note.

The defendants chose to deal with the plaintiff separately and put him in a position where he could sue alone. If all of the stock had been delivered to the defendants and they had given to each of the former stockholders their note in compliance with the contract, no one would claim that all holders of defendants' notes must join in a single action on all

of the notes. Under such circumstances each holder would be entitled to bring action on his own note, in his own name, without joining his former fellow stockholders. *Pro tanto,* this is the situation in which the defendants have placed the plaintiff; so that, taken altogether, the complaint states facts sufficient to constitute a cause of action, as in a case where the plaintiff has pleaded part performance of the contract on his part and waiver by the defendants of strict performance of the remaining covenants. This is sufficient to put the defendants upon their defense.

3. Granting that the plaintiff's co-contractors were remiss in their duty, if the defendants would escape liability upon their contract or upon their note which is part of that contract, they had then the choice of two remedies. Providing they acted promptly on discovery of the breach of the covenant, whether by plaintiff, who is jointly and severally bound thereon, or by his co-contractors, the defendants could rescind the contract, but in doing so they would have to give notice thereof to the plaintiff and return all of the property they had received as part performance of the agreement on the part of the plaintiff. On the other hand, in the absence of a rescission as thus pointed out, the defendants could retain all they had received, and when sued for the purchase price could counterclaim against the note in damages they had suffered on account of the plaintiff's breach of the contract.

4, 5. The general rule is that it is of no effect to renounce the contract without giving notice thereof to the opposite party. The defendants seek to avoid the application of this principle by citations to the effect that where they have received nothing by

virtue of the contract notice of rescission is not
necessary; further, that where a consideration for a
note has wholly failed, it will be a complete defense
to the note as between the original parties thereto;
and, still further, that a partial failure of considera-
tion may be urged as a defense against the note *pro
tanto.* As showing that they received nothing under
the contract, the defendants point out in argument
that although the stock held by the plaintiff was
transferred to them, yet they immediately pledged
it to him as collateral in support of their note, and
hence they urge the conclusion that they received
nothing from the plaintiff by virtue of the contract.
The argument is fallacious, however, for it has been
held many times that a mere pledge of stock does
not deprive the pledgor of his property therein:
*State ex rel.* v. *Smith,* 15 Or. 98 (14 Pac. 814, 15
Pac. 137, 386); 19 Am. & Eng. Corp. Cas. 496;
*Irving Park Assn.* v. *Watson,* 41 Or. 95 (67 Pac.
945); 16 Am. & Eng. Corp. Cas. (N. S.) 320; *Cohen*
v. *Big Stone Gap Iron Co.,* 111 Va. 468 (69 S. E. 359,
Ann. Cas. 1912A, 203, and note). The conclusion
is plain, therefore, that the defendants did receive
something as part performance of the contract and
that there has not been a total failure of considera-
tion for the note so as to dispense with notice of re-
scission of the contract of which the note may be
conceded to be a part as between the immediate
parties thereto. On the hypothesis, also, that the
restoration of the property as upon rescission is well
pleaded, proof thereof is not found in the fact that
the purchased stock was pledged to the seller as col-
lateral, for, as we have seen, the pledgor still has
property in the pledge. This being true, the defend-

98 Or.—23

ants have yet some property which they have not returned so as to accomplish rescission or to establish entire failure of consideration, obviating the necessity of giving notice of their renunciation of the contract. As to notice of rescission, the principle is thus stated:

"If a party means to rescind a contract because of the failure of the other party to perform it, he should give a clear notice of his intention to do so, unless the contract itself dispenses with such notice, or unless notice becomes unnecessary by reason of the conduct of the parties": 13 C. J. 619; *Hennessy* v. *Bacon,* 137 U. S. 78 (34 L. Ed. 605, 11 Sup. Ct. Rep. 17); *St. Regis Paper Co.* v. *Santa Clara Lumber Co.,* 186 N. Y. 89 (78 N. E. 701).

The answer is utterly silent about notice, or any excuse dispensing with it, within the meaning of the rule thus laid down. The answer is defective as a plea of rescission.

The defendants do not pretend to count upon damages as a counterclaim against the note. Failing in pleading rescission, if they would recover damages, they must allege the breaches of the contract by the plaintiff upon which they rely. The effort of the answer is to show that the plaintiff and his associates accepted the renunciation of the contract by Eccles and took possession of the property. This was denied by the plaintiff, and the jury by its verdict has found that his position is correct.

6. In brief, the plaintiff has substantially pleaded a case showing that he has partly performed his contract and that further performance, on his part at least, was waived by the defendants in contracting with him individually. The defendants have not shown by their answer that they took advantage of their right to rescind the contract, in that they fail

to aver notice thereof. They have not assigned in their answer any breach of the contract by the plaintiff not included in their waiver, as a legal conclusion to be drawn from the allegations of the complaint. Neither have they counterclaimed against the note in damages. Having placed the plaintiff in a position to sue them as an individual without reference to the shortcomings of his co-contractors, the most they could have done was to counterclaim against him for damages. They have not done this. The provision of the contract that either party should have the right to reassume possession on failure of the other party to perform is evidently collateral to the principal undertaking, which on the part of the defendants, as the pleadings disclose, is to pay a certain sum of money absolutely and at all events. Recaption of the property was a permissible but not an exclusive remedy for the plaintiff.

The judgment was right, and must be affirmed.

AFFIRMED.