Argued March 7, affirmed March 29, 1967

HOUSTON, *Appellant, v.* BRIGGS ET AL,
*Respondents.*

425 P. 2d 748

*George O. Tamblyn,* Portland, argued the cause for appellant. With him on the brief were Gordon H. Keane and Keane, Haessler, Bauman and Harper, Portland.

*Carlton R. Reiter,* Portland, argued the cause for respondents. With him on the brief were George M. Joseph, and Reiter, Day, Anderson & Wall, Portland.

Before Perry, Chief Justice, and O'Connell, Denecke and Fort, Justices.

FORT, J. (Pro Tempore).

In July of 1964 plaintiff was transferred by his employer from Seattle to Portland. Wishing to purchase a home, he contacted defendants, who were duly licensed real estate brokers, and asked them to locate a suitable house for him and his family. On August 24, 1964, plaintiff executed an earnest money agreement and deposited $1,000 with defendants toward purchase of a house in the "Wilcox Estates," a platted subdivision. This agreement provided that "The property is to be conveyed free and clear of all liens and encumbrances to date except zoning ordinances, building restrictions, reservations in federal patents and *no other*." The italicized words were supplied by one of the defendants.

As provided in the contract a title insurance report was ordered. Plaintiff examined it and on September 4, through his attorneys, wrote the sellers with a copy mailed to the defendants calling attention to several pages of covenants and restrictions contained therein relating generally to all property in the "Wilcox Estates." This letter was received by the vendors September 8. The letter concluded: "The preliminary title report demonstrates that you cannot supply Mr. Houston with a good and marketable title, free from encumbrances, as provided in the earnest money agreement. In behalf of Mr. Houston, we request the immediate return of the $1,000 earnest money."

Thereafter the defendants on behalf of the vendors obtained on September 11 removal of one of the many restrictions. Defendants refused to return the $1,000.

On September 24 another demand upon the defendants for return of the earnest money was made. Defendants on September 29 again refused. On October 2, 1964, plaintiff filed this complaint for money had and received against the brokers. He did not join the vendors as defendants. No objection, however, has been raised thereto, and they have not appeared herein. The earnest money contract was set forth in full as a part of the complaint. On October 8, 1964, defendants filed their amended answer admitting the receipt of the $1,000 pursuant to the contract, denying liability and asserting an affirmative defense of waiver of the covenants and restrictions in question. The reply traversed the affirmative defense. The case was tried upon those pleadings to the court without a jury.

■ Testimony was received at trial in support of the defense of waiver over plaintiff's objection as to its relevancy, establishing that plaintiff had ultimately purchased a home in the Wilcox Estates subject to the same covenants and restrictions as the property involved here. The trial court, however, relying on the rule announced in *Crahane et al v. Swan,* 212 Or 143, 154, 318 P2d 942 (1957):

"\* \* \* When the written contract between the parties provides that the vendor shall convey the premises free from encumbrances, it is immaterial that the purchaser had notice at the time of the contract that there was an encumbrance on the property. The purchaser has a right to insist upon the terms of his contract. \* \* \*"

found that there had been no waiver of the aforesaid covenants and restrictions by the plaintiff.

Although defendants neither demurred to the complaint nor filed a plea in abatement in the trial court,

they did, after the evidence was concluded, move the court for a judgment "on the pleadings and on the evidence" and counsel urged in behalf thereof:

"I submit to your honor that no cause of action subsisted in behalf of the plaintiff until after they provided us with the thirty days within which to remedy their alleged defects, that such * * * was a condition precedent to their right to bring and institute suit * * *."

He then called attention to the following provision of the contract:

"* * * if the title to the said premises is not marketable, *or cannot be made so within thirty days after notice containing a written statement of defects is delivered to seller,* * * * the earnest money herein receipted for shall be refunded, * * *." (Emphasis ours.)

The existence of the condition thus appears on the face of the complaint. The court did not rule directly on this motion.

However, in its opinion the court concluded that the plaintiff had filed the action prematurely and therefore could not recover. On the basis of its written opinion the court made a general finding of fact and conclusion of law in favor of the defendants and entered judgment accordingly without costs to either party.

Plaintiff appeals urging that prematurity of filing must be raised by plea of abatement, and if not so raised is waived. He also urges that on the basis of the trial court's findings as a matter of law, judgment should be entered for the plaintiff.

■■ In *Fay v. McConnell et al,* 229 Or 128 at 131, 366 P 2d 327 (1961), we stated:

"Facts showing that an action is prematurely brought are not available in bar, but such objection

must be raised by a plea or answer in abatement, *unless the facts appear on the face of the complaint,* when the objection may be raised by demurrer. \* \* \*"

We have also held:

"\* \* \* The object of a plea in abatement is to show to the court some allegation of fact that does not appear from the pleadings: \* \* \*" *Ball v. Doud,* 26 Or 14, at 23, 37 P 70 (1894).

That case involved a building contract which provided:

"\* \* \* But should any dispute arise respecting the true value of any alteration, or work added or omitted by the contractor, the same shall be valued by two competent persons,—one employed by the owner and the other by the contractor,— and these two shall have power to name an umpire, whose decision shall be binding on all parties. \* \* \*" *Ball v. Doud,* 26 Or 14, at 16, 37 P 70 (1894).

The defendant did not file a plea of abatement nor demur to the complaint prior to trial. The court stated at page 23:

"The remaining question is whether the defendant has waived her right to insist upon this defense. The plaintiff having set out a copy of the contract, and not having alleged a compliance with its conditions, his complaint was demurrable: \* \* \*. By answering to the merits, and not pleading in abatement, it is contended that the defendant has waived her right to insist upon the provisions of the contract. \* \* \* \* \* *The complaint having set out the contract containing the provision to refer, the court was in possession of the fact, and there was no need of a plea in abatement.* Failing to allege, after setting out the contract, that the amount due had been ascertained in the manner therein required, the complaint did not state facts sufficient to constitute a cause of suit

(*Meyers v. Pacific Construction Company*, 20 Or. 603, 27 Pac. 584), and this objection is not waived by failure to demur or answer (Hill's Code, § 71), and may be urged on appeal: *Evarts v. Steger,* 5 Or. 147. \* \* \*" (Emphasis ours.)

Plaintiff's contention that the objection of prematurity of filing must be raised by a plea in abatement is therefore without merit.

██ Furthermore, in connection with the sufficiency of pleadings relative to conditions precedent, ORS 16.480 provides:

"In pleading the performance of conditions precedent in a contract, it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part. If such allegation is controverted, the party pleading is bound to establish on the trial the facts showing such performance."

The complaint here does not allege either "generally" or in any other manner that the plaintiff has "duly performed all the conditions on his part." Allegation of "such performance" of or compliance with a condition precedent is necessary to state a cause of action. *Clerin v. Eccles,* 98 Or 345, 193 P 1045 (1920).

█ ORS 16.130 provides in part:

"\* \* \* At any time when the pleadings are complete, \* \* \* the court may, upon motion, grant such judgment or decree as it may appear to the court the moving party is entitled to upon the pleadings."

In *Owen et al v. Leber et al,* 112 Or 136, 228 P 927 (1924), the court stated at page 142:

"By the amendment of Section 79 in 1893, [now ORS 16.130] the power of rendering a judgment

upon the pleadings in a proper case is settled beyond peradventure. * * *

"The general rule is thus stated:

" 'A motion for judgment on the pleadings is a proper method of testing and taking advantage of the insufficiency of the pleadings of the parties to an action. *Thus, it is proper for a defendant to move for judgment on the pleadings when the complaint does not state facts sufficient to constitute a cause of action* * *. * * *" (Emphasis ours.)

See also *Milton v. Hare et al.,* 130 Or 590, 280 P 511 (1929).

██ Here the trial court in its memorandum opinion correctly found:

"* * * This action was filed prior to the fulfillment of this condition precedent. Therefore, the action was premature even though this court is convinced that the defendants would have been unable to eliminate the covenant and restrictions of record within 30 days after notice. This again is immaterial for the sole question is whether the plaintiff's cause of action had accrued prior to the filing of this law suit. It had not."

It follows that since the complaint failed to state facts sufficient to constitute a cause of action, the motion of the defendants for judgment on the pleadings should have been allowed. However, a general finding of fact in favor of the defendants and judgment thereon were thereafter entered. Whether here, the error was harmless depends upon whether the judgment entered pursuant thereto in favor of the defendants is a bar to a further action. Plaintiff suggests that it is.

"In general a judgment against the plaintiff because the action was prematurely brought will

not bar a subsequent action when the right of action becomes complete.

"A judgment for defendant, or an order dismissing the action, for the reason that it was prematurely brought, will not bar another action for the same cause when the right of action becomes complete. * * *" 50 CJS 54, Action Prematurely Brought § 628.

Restatement 211, Judgments § 54, provides:

"Where a judgment is rendered for the defendant on the ground of the non-existence of some fact essential to the plaintiff's cause of action, the plaintiff is not precluded from maintaining an action after such fact has subsequently come into existence."

Comment b. thereunder states:

"The rule stated in this Section is applicable where the time for the defendant's performance had not arrived when the plaintiff brought the action. In such a case a judgment for the defendant on the ground that the action was prematurely brought does not preclude the plaintiff from maintaining an action after the time for the defendant's performance has arrived."

See also *Fay v. McConnell,* supra.

In *Owen et al v. Leber et al,* supra, the court stated at page 140:

"The defendant Leber moved the court for a judgment on the pleadings. The motion does not disclose for whom the defendant desired. judgment entered. However that may be, the court rendered its decree in favor of defendant Leber.

"The plaintiffs say the court erred in making certain findings of fact. It is true that the court made findings of fact and conclusions of law in accordance with the provisions of Oregon Laws, Section 158. This was error, but harmless.

> "When the court renders judgment on the pleadings, findings of fact are neither required nor proper: (citations omitted).
>
> "In *Columbia River Co. v. Smith,* 82 Or. 137 (162 Pac. 831, 163 Pac. 309), Mr. Justice BURNETT, in speaking for the court, wrote:
>
> " 'The findings of fact in the instant case were wholly superfluous, but do not constitute harmful error or vitiate the decree in any manner.' "

It follows then that the judgment entered here is not a bar to a timely action.

The second contention of the appellant that since the trial court also found there had been no waiver by the plaintiff of the covenants and restrictions above referred to, this court should enter judgment in his favor, is in the light of the foregoing obviously without merit.

A final contention of the plaintiff is that the court erred in refusing to receive testimony relating to the prematurity of the filing of the complaint and the possible waiver of the notice requirement. In view of our holding that the complaint failed to state facts sufficient to constitute a cause of action, it is unnecessary to consider this.

Since the error here of entering findings of fact was harmless, the judgment, pursuant to ORS 19.125 (2), is affirmed.