Submitted on record and appellant's brief February 4,
affirmed April 16, 1969

DOYLE, *Appellant, v.* JACK MATHIS GEN-
ERAL CONTRACTORS, INC.,
*Respondent.*
453 P2d 174

Gordon G. Carlson, Edward M. Murphy, and Stults, Jayne, Murphy & Anderson, Roseburg, for appellant.

No appearance for respondent.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

Plaintiff is receiver for Senior Citizens Land & Development Co. He brought this suit on July 19, 1968, against defendant contractor, alleging that on October 30, 1961, Senior Citizens and defendant entered into a written contract, a copy of which is an exhibit to the complaint, by which they agreed defendant would supervise the work and procure labor, materials, and supplies for remodeling the Grand Hotel in Roseburg, Oregon, and Senior Citizens would pay for labor, materials, and supplies on a monthly basis, and would pay defendant a $17,000 fee, plus a bonus of 25 per cent of any amount under $170,000 that the total job would cost. Plaintiff alleged that pursuant to this contract plumbing fixtures of value in excess of $5,000 were obtained by defendant, and "on February 23, 1963, [defendant] removed said equipment * * * to the defendant's warehouse in order to safeguard * * * [it] for the benefit of Senior Citizens and pursuant to the terms of said contract; after * * * removal payment was made for said equipment" by plaintiff. Plaintiff alleged that on or about July 1, 1968, plaintiff demanded an accounting for these fixtures or that they be returned to plaintiff and that defendant refused to comply with the demand. This suit seeks to require an accounting.

To the first complaint defendant demurred on grounds of laches and failure to state a cause of

"action." The trial court sustained the demurrer on the first ground and gave plaintiff time to plead over. Plaintiff filed an amended complaint in substantially the same terms as the first except that all of the dates set forth above were included, whereas they were not in the original complaint. Defendant demurred again on the same grounds. The trial court sustained the demurrer on the second ground, namely, no cause of "action" stated. The reason stated by the trial judge for sustaining the demurrer was that the plaintiff did not allege in the amended complaint that Senior Citizens had performed or been excused from performance of its obligations under the contract which the trial court said it must do to state a cause of suit, citing ORS 16.480, and *Houston v. Briggs,* 246 Or 439, 425 P2d 748 (1967). Time was again given plaintiff to plead over which he refused to do and judgment was rendered for defendant.

The plaintiff asserts that it can maintain a suit for an accounting for the fixtures because the amended complaint contained the requisite allegations for such a suit, namely, a fiduciary relationship and a duty to account. These are requisite allegations for an accounting suit in equity, but we think the equitable remedy of an accounting does not apply to this case.

In *Carey v. Hays,* 243 Or 73, 79, 409 P2d 899 (1965), where there appeared to be serious question about whether plaintiff's legal remedy of fraud was barred by the statute of limitations, the plaintiff was seeking to have equity take jurisdiction for an accounting. We held that an equitable accounting is a bookkeeping process whereby debits and credits are balanced, and that in that case there was nothing to show such a bookkeeping process or any other equitable remedy was necessary. Nothing in the pleadings

in the case at bar shows that such a bookkeeping process or any other equitable remedy is necessary. In *Carey* we held that if the pleadings do not state an equitable remedy they are then looked upon as seeking to state a legal remedy. Examination of the amended complaint in the case at bar discloses that it does not state a cause of action at law, because there are no allegations that the plaintiff is entitled to possession and defendant is wrongfully withholding the subject property. Accordingly, the judgment of dismissal is affirmed.