Submitted on record and briefs December 3, 1999, reversed and remanded
February 9, 2000

Joseph David SANDGATHE,
*Appellant,*

*v.*

James C. JAGGER,
*Respondent,*

*and*

Jane DOE
and John Doe 1-50,
*Defendants.*

(169813930; CA A105822)

996 P2d 1001

Joseph David Sandgathe filed the brief *pro se* for appellant.

Joel S. DeVore and Luvaas, Cobb, Richards & Fraser, P.C., filed the brief for respondent.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

HASELTON, J.

**HASELTON, J.**

Plaintiff appeals from a judgment dismissing with prejudice his legal malpractice action against his former criminal defense attorney. He contends that, under the reasoning of *Stevens v. Bispham*, 316 Or 221, 851 P2d 556 (1993), the court erred in dismissing the action with prejudice rather than without prejudice. We reverse.

Plaintiff's malpractice action arises out of two criminal proceedings in which defendant represented plaintiff. The first involved an incident in 1992 in which plaintiff assaulted his dentist. Following a jury trial in May 1993, plaintiff was convicted of assault in the second degree. ORS 163.175. This court affirmed that conviction without opinion. Plaintiff then filed a petition for post-conviction relief, asserting that defendant had not rendered constitutionally adequate representation. The trial court dismissed that action, plaintiff appealed, and, in February 1998, we affirmed the trial court without opinion.

The second criminal proceeding also involved an assault, and resulted in plaintiff pleading guilty to a charge of assault in the second degree, ORS 163.175, in April 1993. After we affirmed that conviction, plaintiff sought post-conviction relief, alleging, *inter alia*, that defendant had known that plaintiff was under the influence of psychotropic medications at the time that he offered his guilty plea. The post-conviction trial court dismissed that action, and, in February 1998, we affirmed that dismissal.

In June 1998, plaintiff filed a petition for a writ of habeas corpus in the United States District Court for the District of Oregon, collaterally attacking both of his assault convictions. That matter is, apparently, still pending.[1]

In July 1998, plaintiff filed this malpractice action. Defendant moved for summary judgment, asserting that, under *Stevens*, plaintiff's action was deficient in that plaintiff could not prove legally cognizable injury from the alleged

---

[1] At the time this case was submitted to us, the federal trial court had not disposed of plaintiff's petition, and the parties have not informed us of any subsequent developments.

malpractice because his criminal convictions had never been overturned or vacated. In particular, defendant asserted:

> "The [*Stevens*] court reasoned that to allow a person convicted of a criminal offense to sue that person's lawyer without having first overturned the conviction, would mean that the courts would be permitting relitigation of a matter that is supposed to be settled: A complaining party is deemed by the law to be guilty. In other words, while the conviction and sentence remain valid for all other purposes, it is inappropriate to treat a complaining convicted offender as having been 'harmed' in a legally cognizable way by that conviction."

Plaintiff did not respond to defendant's summary judgment motion but, instead, filed a "Motion Requesting Dismissal Without Prejudice." Plaintiff acknowledged that he "cannot bring a legal malpractice action against defendant until he receives reversal of conviction." He asserted, however, that, because his claim was premature, any dismissal should be without prejudice so that he could refile if his collateral attack ever proved successful.

The trial court granted defendant's motion for summary judgment and, thereafter, entered a judgment of dismissal with prejudice.

■    On appeal, plaintiff reprises his argument that dismissal with prejudice was erroneous:

> "If we follow the reasoning found in [*Stevens*], then Plaintiff filed his suit against his trial counsel too soon, thus it should have been dismissed *without prejudice*. [That would allow] Plaintiff to file his suit again when his original trial court conviction has been overturned."

Defendant responds, principally, by asserting that dismissal with prejudice was appropriate because, at the time the case was adjudicated, plaintiff could not prove an essential element of his claim—and conceded as much. Thus, defendant asserts:

> "The trial court that considered plaintiff's malpractice case must view the world as it exists at the time that plaintiff brings his suit. The judgments, by which plaintiff was convicted of assault, must be considered final. By bringing suit today, plaintiff asks the court to decide his claims

based on today's circumstances. Therefore, the trial court does not err when finding that plaintiff lacks any proof of harm and that he has failed to state a claim upon which relief can be granted. The situation is no different than that in which plaintiffs fail to elicit that medical bills were reasonable and necessary or fail to prove damages from defamation. Plaintiffs who fail to prove an element of their claims routinely meet with dismissal with prejudice. Defendants cannot later be jeopardized by plaintiffs who discover belated evidence of damage. If this plaintiff chooses to bring an action today, then the court must resolve it with finality as circumstances exist."

As explained below, we agree with plaintiff that, in these circumstances, dismissal with prejudice was erroneous. We so conclude because such a dismissal would improperly preclude plaintiff from pursuing his malpractice claims against defendant if his criminal convictions are ultimately collaterally overturned.[2]

We begin with *Stevens*. There, the plaintiff had entered a no contest plea to several criminal charges in March 1986 and, after entry of the judgment of conviction, had begun serving his sentence. Thereafter, another person confessed to the crime, and, in April 1988, the plaintiff's judgment of conviction was vacated. In April 1989, the plaintiff filed a malpractice action against his criminal defense lawyer, contending, *inter alia*, that the defendant attorney had negligently failed to investigate and prepare the case and had negligently advised the plaintiff to plead no contest. 316 Or at 226.

The defendant moved for summary judgment on the ground that the malpractice claim was barred by the two-year statute of limitations for professional malpractice. ORS 12.010, ORS 12.110(1). Specifically, the defendant asserted that the malpractice claim had accrued no later than the date

---

[2] Plaintiff does not contend that the filing of his "Motion Requesting Dismissal Without Prejudice" somehow precluded the trial court from considering, and deciding, defendant's motion for summary judgment. Nor does plaintiff contend that that motion constituted a notice of voluntary dismissal pursuant to ORCP 54 A. Accordingly, this case does not present the question that we decided in *Guerin v. Beamer*, 163 Or App 172, 177, 986 P2d 1241 (1999) ("ORCP 54 A(1) reflects a considered policy choice to permit a plaintiff to dismiss his or her action even though the defendant's summary judgment motion is pending.").

that the plaintiff had entered his no contest plea—more than two years before the filing of the malpractice action. The trial court allowed the summary judgment motion.

■     The Supreme Court reversed.[3] The crux of the court's holding is that the malpractice claim could not accrue for limitations purposes "until the plaintiff has been exonerated of the criminal offense through reversal on direct appeal, through post-conviction relief proceedings, or otherwise." 316 Or at 223. The court explained:

> "[F]or one convicted of a criminal offense to bring an action for professional negligence against that person's criminal defense counsel, the person must, in addition to alleging a duty, its breach, and causation, allege 'harm' in that the person has been exonerated of the criminal offense through reversal on direct appeal, through post-conviction relief proceedings, or otherwise. * * *

> "* * * Plaintiff could not have brought this action until he had suffered legally cognizable harm. *See U.S. Nat'l Bank v. Davies*, [274 Or 663, 668, 548 P2d 966 (1976)] (claim may not be brought before the 'maturation of harm'). Plaintiff had not suffered such harm at defendant's hands in this case unless and until he was exonerated of the criminal offense through reversal on direct appeal, through post-conviction relief proceedings, or otherwise." *Id.* at 238-39.

Given *Stevens*'s analysis, the present plaintiff's malpractice claim was premature. That is, a material element of plaintiff's claim, legally cognizable injury, did not exist—and may never exist. Given that material deficiency, dismissal was proper.

The question here, however, is whether dismissal *with prejudice* was proper. Our resolution of that question turns, ultimately, on the broadly preclusive effect of such a dismissal.

■     In Oregon, as elsewhere, "a dismissal with prejudice normally creates a *res judicata* bar to any major action." *Te-Ta-Ma Truth Foundation v. Vaughan*, 114 Or App 448, 451, 835 P2d 938 (1992). Thus:

---

[3] We also reversed the trial court, *Stevens v. Bisham*, 108 Or App 588, 816 P2d 700 (1991), but the Supreme Court reversed on qualitatively different grounds.

"The term 'with prejudice,' expressed in a judgment of dismissal, has a well-recognized legal import; and it indicates an adjudication of the merits, operating as *res judicata*, concluding the rights of the parties, terminating the right of action, and precluding subsequent litigation of the same cause of action, to the same extent as if the action had been prosecuted to a final adjudication adverse to the plaintiff." 46 Am Jur 2d 883, *Judgments*, § 609 (1995) (citing cases).

*See also Hartung v. Unander et al*, 224 Or 165, 172, 355 P2d 738 (1960) ("There can be little question but that the dismissal * * * with prejudice prevents [the plaintiff] from again raising the question of the validity of the * * * agreement in any subsequent proceeding between the parties without also attacking the validity of the judgment itself.").

No reported Oregon decision has explicitly considered whether the dismissal of an action as premature should be with prejudice or without prejudice. *Cf. Te-Ta-Ma Truth Foundation*, 114 Or App at 451 (noting, but bypassing, issue of whether ORS 12.220 qualified *"res judicata"* effect of dismissal with prejudice of prior action). However, two Oregon cases have generally addressed the preclusive effect of the dismissal of an action as premature. *See Houston v. Briggs*, 246 Or 439, 425 P2d 748 (1967); *Capital Investments, Inc. v. Lofgren*, 81 Or App 93, 724 P2d 862 (1986).

In *Houston*, the Oregon Supreme Court considered whether dismissal of an action as premature would bar a subsequent, timely action.[4] In concluding that the former would not preclude the latter, the court quoted with approval the following authorities:

" 'In general, a judgment against the plaintiff because the action was prematurely brought will not bar a subsequent action when the right of action becomes complete.

" 'A judgment for defendant, or an order dismissing the action, for the reason that it was prematurely brought, will not bar another action for the same cause when the right of action becomes complete. * * *' 50 CJS 54, Action Prematurely Brought § 628.

---

[1] Our review of the abstract of record in *Houston* discloses that the judgment of dismissal in that case did not specify whether it was with prejudice or without prejudice.

"Restatement 211, Judgments § 54, provides:

" 'Where a judgment is rendered for the defendant on the ground of the non-existence of some fact essential to the plaintiff's cause of action, the plaintiff is not precluded from maintaining an action after such fact has subsequently come into existence.'

"Comment b. thereunder states:

" 'The rule stated in this Section is applicable where the time for the defendant's performance had not arrived when the plaintiff brought the action. In such a case a judgment for the defendant on the ground that the action was prematurely brought does not preclude the plaintiff from maintaining an action after the time for the defendant's performance has arrived.' " *Houston*, 246 Or at 446-47.

In *Capital Investments*, we reiterated and applied *Houston*'s analysis. There, the plaintiff had filed an earlier action on a guaranty, and that action had been dismissed as premature because the plaintiff had failed to comply with two conditions precedent for an action under the note, *viz.*, giving the defendant 30 days' notice and an opportunity to cure the default.[5] Plaintiff then gave the requisite 30 days' notice and refiled the action. The trial court dismissed that second action as being barred by *res judicata*. On appeal, we concluded that the court had erred in that regard:

"Under the doctrine of res judicata, a judgment on the merits is a final and conclusive determination of the parties' rights and a bar to a subsequent proceeding between them on the same cause of action as to all matters which were or could have been litigated. *Slate Const. Co. v. Pac. Gen. Con., Inc.*, 226 Or 145, 149, 359 P2d 530 (1961). However, res judicata does not bar a subsequent action when the prior judgment rested on plaintiff's failure to satisfy a condition precedent to bringing the action. In such a case, the doctrine of collateral estoppel (or, more precisely, 'issue preclusion') may prevent relitigation of *issues* which were actually litigated and were essential to the prior judgment, but the *action* is not barred.

---

[5] The opinion in *Capital Investments* does not specify whether that dismissal was with prejudice, and the abstract of record in *Capital Investments* does not disclose the nature of that judgment.

"\* \* \* \* \*

"Thus, under res judicata principles, plaintiff is not prevented from bringing this action once the conditions have been satisfied. It was error to grant summary judgment on res judicata grounds." *Id.* at 96-97 (emphasis in original; citations omitted).[6]

The question in this case thus reduces to whether, or how, the *Houston* principle of prematurity/nonfinality can be reconciled with a judgment of dismissal with prejudice. We have found only one reported decision, from any jurisdiction, directly addressing that question. In *American Broad. Cos., Inc. v. Walter Reade-Sterling, Inc.*, 43 Cal App 3d 401, 407-08, 117 Cal Rptr 617 (1974), the court considered whether the trial court had erred in entering a judgment of nonsuit against a cross-claim for attorney fees. Under California law, that judgment operated "as an adjudication upon the merits" because the trial judge had not expressly provided otherwise. *Id.* at 406. That judgment "was founded on the premise that appellants' cause of action was prematurely brought because the payment of the attorney's fees and costs, a condition precedent to recovery \* \* \*, had not been met." *Id.* at 407.

The California Court of Appeals reversed, concluding that the entry of such a preclusive judgment was erroneous:

"[T]he law is settled beyond controversy that when an action has been brought prematurely because a condition precedent necessary to the cause of action has not been complied with, the plaintiff is not precluded from maintaining an action after his claim has matured; and in such a

---

[6] In *Capital Investments*, the court cited with approval *Restatement (Second) of Judgments*, § 20(2) (1982), which states:

"A valid and final personal judgment for the defendant, which rests on the prematurity of the action or on the plaintiff's failure to satisfy a precondition to suit, does not bar another action by the plaintiff instituted after the claim has matured, or the precondition has been satisfied, unless a second action is precluded by operation of the substantive law."

Comment *k* to *Restatement* § 20(2) explains:

"A determination by the court that the plaintiff has no enforceable claim because the action is premature, or because he has failed to satisfy a precondition to suit, is not a determination that he may not have an enforceable claim thereafter, and does not normally preclude him from maintaining an action when the claim has become enforceable."

case the doctrine of *res judicata* does not constitute a bar to his recovery. Thus, it has been stated that where a judgment is rendered for the defendant on the ground of the nonexistence of some fact essential to the plaintiff's cause of action, the plaintiff is not precluded from maintaining an action after such fact has subsequently come into existence. Consequently, a determination by the court that the plaintiff had no enforceable cause of action at the time when the action was brought is not a determination that he may not have an enforceable cause of action thereafter when his cause of action does become enforceable. It is likewise axiomatic that a judgment is a bar to a subsequent action only where an *identical issue* was decided in a prior case by a final judgment on the merits. The theory of estoppel by judgment or *res judicata*, however, *extends only to the facts in issue as they existed at the time the judgment was rendered* and does not prevent a reexamination of the same questions between the same parties where in the interim the facts have changed or new facts have occurred which may alter the legal rights of the parties. *When other facts* or conditions *intervene* before a second suit, furnishing a new basis for the claims and defenses of the respective parties, *the issues are no longer the same and the former judgment cannot be pleaded in bar of the second action." Id.* at 407-08 (emphasis in original; citations omitted).

We find the California court's approach to be not only instructive, but persuasive. "With prejudice" in Oregon, as in California and elsewhere, has a broadly preclusive meaning. *See, e.g., Te-Ta-Ma Truth Foundation*, 114 Or App at 451. That broad "adjudication on the merits" effect is incompatible with the disposition of an unripe claim and is irreconcilable with the general principle of nonpreclusion that explicitly underlies *Houston* and *Capital Investments*. Consequently, we conclude that the trial court erred in entering a judgment of dismissal with prejudice.

Reversed and remanded for entry of judgment of dismissal without prejudice.